443 So.2d 720 (1983)
Edwin P. COMPASS, Guy Mitchell and Don Esposito, Individually and on Behalf of all Others Similarly Situated
v.
PAN AMERICAN LIFE INSURANCE COMPANY.
No. CA 0639.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1983.
Rehearing Denied January 25, 1984.
Writ Denied March 16, 1984.
*721 Albert H. Hanemann, Jr., Gerald J. Talbot, Lemle, Kelleher, Kohlmeyer & Matthews, New Orleans, for defendant-appellant.
Louis R. Koerner, Jr., Law Offices of Louis R. Koerner, Jr., New Orleans, for plaintiffs-appellees.
Before SCHOTT, BARRY and LOBRANO, JJ.
SCHOTT, Judge.
Plaintiffs who are former agents of defendant, Pan American Life Insurance Company (PALIC), brought this suit for vested commissions, declaratory relief, and accounting in connection with contracts between them and PALIC. They sought to have their case certified as a class action representing all present and former agents of PALIC who were parties to successive contracts designated as "Agent's Contract" and "Producing General Agent's Contract" and whose employment has been terminated or may be terminated during the pendency of the proceedings. From a judgment of the trial court certifying the case as a class action PALIC has appealed contending that plaintiffs failed to prove that their case measures up to the statutory and jurisprudential guidelines required for a class action.
LSA C.C.P. Art. 591 provides the basic requirements for a class action:
"A class action may be instituted when the persons constituting the class are so numerous as to make it impracticable for all of them to join or be joined as parties and the character of the right sought to be enforced for or against the members of the class is:
(1) Common to all members of the class."
Clearly this article places the initial burden on the plaintiffs seeking to maintain a class action to establish the elements of numbers in the class, impracticability of joinder of the class members, and commonality of factual and legal issues among members. In addition, plaintiffs must establish that their case meets the guidelines announced and developed by the Supreme Court in Stevens v. Board of Trustees of Police Pension Fund, 309 So.2d 144 (La. 1975), Williams v. State, 350 So.2d 131 (La.1977), and State ex rel. Guste v. General Motors Corp., 370 So.2d 477 (La.1979). These cases make it clear that a court is faced with the difficult task of considering a number of functional and pragmatic factors before deciding that the class action would be more useful than other procedures for the determination of the common-based right in the interest of all parties to the action and of the efficient operation of the judicial system. The cases also make it clear that a decision to certify a case as a class action may not be based on the class number alone or any other single factor but that the number must be considered in relation to and in addition to other factors. When all of these components or factors are weighed a class action may be maintained only if the scales tip in that direction.
From the little evidence presented at the trial of plaintiffs' motion we are satisfied that there are only eighteen members of the class, including plaintiffs, whom they purport to represent. They alleged that the class "exceeds several hundred nationwide" but they failed to prove this allegation. PALIC showed that there are 46 present and former agents who have been parties to both contracts and who have operated within the State of Louisiana and 33 such outside of the state. Thus, the best plaintiffs could hope for would be a class of 79. However, of the 46 within the state only 18 have been terminated and of the other 33 only 7 have been terminated. We are unable to accept plaintiffs' argument *722 that the presently functioning and operating agents' potential for being terminated makes them viable members of a class represented by the three plaintiffs who have been terminated. Plaintiffs offered nothing to support the notion that there will be any additional terminations as opposed to the assumption that those agents who have not been terminated are successful in their endeavors and contented with their position and that PALIC is satisfied with their performance. Plaintiffs' suggestion that there will be additional terminations is not supported by any statistical data or expert prognostications but, instead, is based on sheer speculation. Thus, we consider the class as reduced at this point to the 25 who have been already terminated including plaintiffs.
Furthermore, we are unable to accept the proposition that the seven out of state terminated agents belong in the class. Under C.C.P. Art. 591 the common-based right must be common to all members of the class. Plaintiff did not offer proof as to where these supposed class members operated or reside, but PALIC established that it had agents in four states other than Louisiana. The rights of these agents under the contracts sued on would be determined by the laws of those states where the contracts were confected and performed. Since the same facts might produce different results for these agents they do not share common rights with the Louisiana agents. Thus, plaintiffs' supposed class is reduced to but eighteen including plaintiffs.
A class action is available to plaintiffs only if the class "is so numerous as to make it impracticable" to join them as parties. C.C.P. Art. 591. Here again plaintiffs offered no evidence to show that it is impractical to join them. On the other hand, PALIC showed that almost every one of these terminated Louisiana agents resides in the metropolitan New Orleans area with the clear inference that they are easily susceptible to joinder as parties. The conclusion follows that plaintiffs failed to establish the threshold requirement of numerosity to maintain their case as a class action.
Rather than rest our decision on this point, we have also considered the guidelines discussed in Stevens, Williams, and Guste, supra, and have concluded that even if plaintiffs can be said to have established numerosity and even assuming that the character of the right is common to all class members, they are not entitled to maintain their case as a class action because "certain functional and pragmatic factors" do not weigh in favor of maintaining this class.
First, we do not perceive problems arising out of only fifteen possible other suits in Louisiana posing a significant risk of inconsistent adjudication and earlier separate determinations with a prejudicial effect upon subsequent separate litigation. If the other former agents are inclined to sue they would probably do so in the same forum as this suit is pending, some would be consolidated, and the same general result would ultimately follow from appeals to this court. This is particularly so because the dispute does not appear to be on facts but on law so that different results would not be forthcoming. Moreover, the class of eighteen is not so large that the courts would be burdened as in Stevens where the class was 100, Williams where there were 600, and Guste where there were 1467.
Second, plaintiffs failed to show and we cannot conclude from the record that the prosecution of separate actions poses a serious threat of substantially impeding the ability of the class members to protect their interests. In Williams the poverty and isolation of the prisoners in the class and the small value of the claims were stressed. In Guste the damages seemed to the court to be "relatively small" so that individual claims "in all likelihood" would not be pursued in individual litigation. And in Stevens plaintiff showed that the claims were approximately $1000 for each member of the class.
Third, there emerges from PALIC's evidence the possibility that it will resist liability *723 for reasons that may not be common to all members of the class. Apparently one or more of the terminations were for cause. If PALIC establishes, for example, that some agents were terminated for dishonesty or fraud or misconduct or unethical practices the class action could become confused and unwieldy. Unlike Guste, the case would not involve, under these circumstances, a common legal duty in every case.
Fourth, we are not persuaded that the class action is the superior procedural vehicle for the fair and efficient adjudication of this controversy. Since plaintiff has made no showing as to the amounts involved in this case we cannot conclude as in Guste the amount of interest of class members in controlling the prosecution of individual action. Guste placed emphasis on the fact that few if any individual suits had been filed as militating in favor of the class action, but we are not persuaded by the same rationale here. Perhaps Guste involved facts difficult to prove which discouraged litigation or perhaps the onset of prescription made it unlikely that additional individual claims would be pursued. Here we have a case involving the interpretation of contracts which would not require a complicated trial such as to discourage individual suits and since the prescriptive period is a long one we cannot conclude that there won't be a number of additional suits in the future. The Guste rule of thumb, "in general, a class action is more useful when only a limited number of additional suits has been filed," does not fit this case. Finally, Guste's concern with the desirability of concentrating the litigation in one forum is of no moment in this case. Since most of the plaintiffs are in the New Orleans area and PALIC's home office is in New Orleans most of the suits would be in one forum.
The foregoing analysis is parallel to the analysis in Guste and leads to the conclusion that this case was erroneously certified as a class action by the trial court. Accordingly, the judgment appealed from is reversed, the motion to certify plaintiffs' case as a class action is denied, and this case is remanded to the trial court to proceed as an individual action by each of the three plaintiffs.
REVERSED AND REMANDED.