GARRISON, Judge.
This is an appeal from a judgment of the district court, denying Mrs. Kinchen’s action to have certified as a class either the loan recipients from December 1976 through December, 1978 who had made consumer home improvement discounted loans from Dixie Savings Association and where Dixie had held the funds in an escrow account or other definitions of a “class” as discussed below. From that judgment, plaintiff-in-reconvention appeals.
On December 6, 1977, Mrs. Kinchen made a home improvement loan from Dixie in the amount of $31,585.20, secured by a second mortgage and promissory note of the same date. She made monthly payments to Dixie until June 1, 1978, at which time problems developed between Mrs. Kin-chen and the contractor, Carousel Construction Company. No further payments were made. (Apparently, the work was not completed).[1] On October 20, 1978 Dixie sued on the promissory note and Mrs. Kin-chen reconvened. Her reconventional demand, alleging violations of the Consumer Protection Act, 15 U.S.C. § 1601 et seq., Regulation Z of the Truth-In-Lending Act, 12 C.F.R. 226.1 et seq., the La. Consumer Credit Act, R.S. 9:3510 et seq., and state usury laws, forms the basis of the class action issue, although her individual recon-ventional demand is still live.
The trial judge denied Mrs. Kin-chen’s certification, stating in his written reasons that:
“The potential for loss of the right of actual damages to members of the class and the prorated reduction of recovery under 15 U.S.C. 1640(a)(2)(B) convinces me that a class action lacks superiority as a means of redress.”
C.C.P. Article 591 provides as follows: “A class action may be instituted when the persons constituting the class are so numerous as to make it impracticable for all of them to join or be joined as parties, and the character of the right sought to be enforced for or against the members of the class is:
(1) Common to all members of the class; ...”
As stated by this court in Compass v. Pan American Life Insurance Co., 443 So.2d 720 (App. 4th, 1984), mere allegations are insufficient:
“Clearly this article places the initial burden on the plaintiffs seeking to maintain a class action to establish the elements of numbers in the class, impracticability of joinder of the class members, and commonality of factual and legal issues among members.” At 721. (emphasis added)
In its “Answer to Interrogatory Number 6”, Dixie Savings stated that between December, 1976 and December, 1978 it made approximately 5800 loans using the allegedly defective Truth-In-Lending Statement. It further stated that in the case of 110 of those 5800 loans, “money was retained or otherwise held by the association for vari *358 ous periods of time subsequent (sic?) to settlement disbursement.”
Mrs. Kinchen’s motion to certify the class provided two suggested alternatives:
“A class involving those individuals who have received consumer home improvement discount (that is capitalized) loans utilizing rates authorized by the Louisiana Consumer Credit Law L.R.S. 9:3510 et seq. where some or all of the proceeds were retained by Dixie Savings Association in an escrow account or in some other fashion which loans were made by Dixie Savings Association over the period December, 1976 through December, 1978.
II.
In the alternative, ... mover requests the court to certify a class including all lenders (sic) from Dixie Savings Association using the same disclosure statement as was used in the loan to Mrs. Vivian C. Smith Kinchen during the period December, 1976 through December, 1978 consisting of two sub-classes, one of which involves those individuals who received consumer home improvement discount (that is capitalized) loans utilizing rates authorized by the Louisiana Consumer Credit Law, L.R.S. 9:3510 et seq. where some or all of the proceeds were retained by Dixie Savings Association in an escrow account or in some other fashion were made by Dixie Savings Association over the period December, 1976 through December, 1978, and the second sub-class will be all other loans using the same disclosure statement as those who did not have home improvement loans which were escrowed.”
Under Compass, above, the burden is on Mrs. Kinchen to establish three essential elements:
1. numbers;
2. impractability of joinder; and
3. commonality of issues.
Mrs. Kinchen has not established one of these elements, much less all three. It is apparent to this court that the problem in defining a suitable class stems from the fact that there is no commonality on a cluster of factors, although one or two factors may exist in different cases. Additionally, we have no clear view of the numbers of potential plaintiffs under the various “class” proposals. Without proof of the potential numbers, it is impossible to determine if joinder would be “impracticable.” Plaintiff-in-reconvention has made no showing and offered no evidence whatsoever on the issue of impracticability of join-der.
Accordingly, plaintiff has failed to meet the guidelines for a class action set forth in Stevens v. Board of Trustees of Police Pension Fund, 309 So.2d 144 (La., 1975); Williams v. State, 350 So.2d 131 (La., 1977); State ex rel. Guste v. General Motors Corp., 370 So.2d 477 (La., 1979) and Compass, above. The trial court was correct in its judgment and, accordingly, the judgment below is affirmed.
AFFIRMED.

. See Also: Kinchen v. Gilworth, et al., 454 So.2d 1130 (4th Cir., 1984).