471 So.2d 752 (1985)
Frank C. O'HALLERON, III, et al.
v.
L.E.C., INC.
No. CA 84 0177.
Court of Appeal of Louisiana, First Circuit.
April 22, 1985.
*754 Patrick D. Breeden, New Orleans, for plaintiff, appellant.
Pierre F. Livaudais, Covington, for defendant, appellee.
Before COLE, CARTER and LANIER, JJ.
COLE, Judge.
The issues presented in this appeal are the correctness of: 1) the trial court's refusal to certify as a class those parties who entered into bond for deed contracts with L.E.C., Inc. which provided for an interest rate in excess of 8% per annum, and 2) the dismissal of a second proposed class on the basis plaintiff failed to pursue timely procedural requirements for its maintenance.
On August 25, 1973, plaintiff, Frank C. O'Halleron, III, agreed to purchase a lot in Merrywood Estates Subdivision, located near Folsom, Louisiana, from defendant, L.E.C., Inc. The parties entered into a bond for deed contract in which plaintiff agreed to pay a sum of money to defendant under certain terms and conditions, including an annual interest rate of 8½%, after payment of which defendant agreed to deliver title of the lot to plaintiff. On February 17, 1977, plaintiff filed suit against defendant alleging the interest rate provided in this contract exceeded the maximum legal rate permitted at the time in question. He sought a return of all interest paid under this contract. Plaintiff also alleged defendant made a practice of charging usurious interest and sought to represent the class of all those who had been charged interest in excess of the legal limit by defendant. This class is referred to by the parties as the "usury class."
In his petition plaintiff also asserted a second cause of action against defendant, which involved a separate class of individuals. Plaintiff maintains he and other lot owners, in reliance on misrepresentations made by defendant, were compelled to pay for certain street improvements made by defendant in Merrywood Estates. Plaintiff alleges defendant falsely represented the streets in Merrywood Estates were owned by it, when in fact these streets were owned by and the responsibility of the Parish of St. Tammany. Plaintiff seeks a return of all monies paid to defendant for street improvements by him and all others similarly situated. This second class is referred to by the parties as the "blacktop class."
The procedural history of this matter has been protracted. On July 15, 1977, plaintiff propounded several interrogatories and requests for production to defendant, which responded with a motion to enjoin discovery. The trial court declined to grant this motion to enjoin and both this Court and the Supreme Court denied defendant's applications for writs, the latter on December 9, 1977. However, answers to plaintiff's discovery requests were not filed by defendant until February 9, 1979. Thereafter, plaintiff took no further action which is apparent from the record until June 22, 1982, when he propounded an additional interrogatory and request for production, which was promptly responded to by defendant on July 2, 1982. On August 10, 1982, plaintiff filed a request for admissions to which defendant objected. In response plaintiff filed a motion to compel, which was denied by the trial court on October 25, 1982.
On November 29, 1982, defendant filed a motion to show cause why plaintiff's proposed class action should not be dismissed with prejudice. On January 20, 1983, plaintiff responded with a motion to certify the usury class. In this motion plaintiff sought certification of the usury class only, specifically reserving the issue of certification of the blacktop class for a later date. Both motions were submitted to the trial court on the memoranda of the parties. The trial court rendered judgment on October 27, 1983 denying certification of the usury class and dismissing with prejudice the class action claim relative to the blacktop class, reserving plaintiff's right to proceed individually on both causes of action. Plaintiff has appealed this judgment.

*755 USURY CLASS
Plaintiff contends the trial court erred in denying certification of the usury class. La.Code Civ.P. arts. 591 and 592 establish the essential requirements for a class action as follows:
1. A class so numerous joinder is impracticable.
2. The joinder of at least one member of the class who is so situated as to insure adequate representation for all members of the class.
3. A "common character" among the rights of all members of the class.
McCastle v. Rollins Environmental Services, 456 So.2d 612, 616 (La.1984). In support of his motion to certify the usury class, plaintiff filed a list of forty individuals he alleged were charged a usurious rate of interest by defendant in connection with the acquisition of lots in Merrywood Estates. Plaintiff also filed copies of those portions of the contracts entered into between these individuals and defendant which reflects the interest rate charged therein by defendant.[1]
An examination of these contracts discloses thirty-two of the persons listed, including plaintiff, had bond for deed contracts with defendant captioned "Standard ContractMerrywood Estates." The remaining individuals had other types of contracts, primarily sales with mortgages and options to purchase. The maximum interest rate permitted by law varies according to the nature of the contract involved. See e.g., La.Civ.Code art. 2924, La.R.S. 9:3503, 3504, 3509 and 3510 et seq. Accordingly, the issue of whether interest charged in a bond for deed contract is usurious presents a different issue than whether the same interest rate is usurious when provided for in a contract of an entirely different nature. Thus, those individuals with contracts other than bond for deed contracts clearly do not belong in the class proposed by plaintiff and must be deleted. In his brief to this court, plaintiff recognizes this distinction and concedes the usury class includes only thirty-two true members, including himself. The trial court did not consider this class so numerous as to meet the numerosity requirement.
There is no set number above which a class is automatically considered so numerous as to make joinder impractical as a matter of law. This determination must be made on the facts and circumstances of each individual case. In the instant case, defendant has shown that it would be practical to join the number of class members which plaintiff has alleged exists so as to defeat the class action. All of the potential class members have been identified. In fact, in its answers to interrogatories, defendant attached "Exhibit A," which identified the names and addresses of all persons who purchased property in Merrywood Estates. Furthermore, in its answers to requests for production, defendant supplied copies of the individual contracts of persons who purchased the aforementioned property. Therefore, all persons, similarly situated with plaintiff, viz., those persons who entered into bond for deed contracts with L.E.C., Inc. and paid an interest rate in excess of 8%, were reasonably identified. Additionally, no obstacles have been shown which might hamper their joinder in the instant suit.[2]
Considering these factors, we can not say this class is so large as to make joinder impracticable as a matter of law. See Garcia v. Gloor, 618 F.2d 264, 267 (5th Cir.1980), cert. denied, 449 U.S. 1113, 101 S.Ct. 923, 66 L.Ed.2d 842 (1981); Crawford v. Western Elec. Co., Inc., 614 F.2d 1300, 1305 (5th Cir.1980). Under the circumstances present, we agree with the determination the usury class fails to meet the numerosity requirement necessary for certification as a class action. Since this essential requirement for maintenance of a *756 class action is lacking, we pretermit consideration of whether the other requisites are present.[3]

BLACKTOP CLASS
Plaintiff contends the trial court erred in dismissing the blacktop class on the basis he failed to timely pursue procedural requirements for its maintenance. The effect of the trial court judgment was to deny certification of this class on a procedural ground, without any examination of the merits of the certification issue. We agree with plaintiff's contention denial of certification on this basis was improper.
Certification of a class should preferably be made in the early stages of litigation so class members can be given reasonable notice as early as possible. Williams v. State, 350 So.2d 131 (La.1977). However, neither the jurisprudence nor our statutory law provides any specific time limit or deadline for certification.[4] Additionally, in the present case, there has been no showing of any prejudice to either the potential class members or defendant as a result of plaintiff's delay in seeking certification. Although defendant has made broad claims, without substantiation, to the effect it has been hampered in its efforts to formulate its defense and seek discovery, we have found no actual prejudice. Furthermore, while most of the inordinate delay in this case is attributable directly to plaintiff, defendant was responsible for at least a portion of this delay, having taken over a year to answer one of plaintiff's discovery requests. We find this conduct by defendant to be inconsistent with its claims of prejudice.[5]
A trial judge has no general power to dismiss. Teague v. International Paper Co., 420 So.2d 522 (La.App. 2d Cir. 1982); Lewis v. New York Fire & Marine Underwriters, Inc., 233 So.2d 743 (La.App. 4th Cir.1970). However, because we have before us all the evidence necessary to resolve this issue, we will do so in the interest of judicial efficiency.
Defendant, in answering the interrogatories propounded by plaintiff, provided "Exhibit B," which lists the names and addresses of all individuals who made contributions to surfacing the streets, as well as the amount of each contribution. "Exhibit B" lists a total of 49 (as opposed to 28 proposed members of the usury class) potential members of the blacktop class, which like the members of the proposed usury class are easily identifiable and do not compose a class too large to join as a practical matter. We, therefore, hold certification of the blacktop class should be denied for the same reasons we affirmed denial of certification of the usury class.
For these reasons, the judgment of the trial court is affirmed. All costs of appeal are to be borne by appellant.
AFFIRMED.
NOTES
[1] The trial court admitted this list and copies of the contracts solely for the limited purpose of consideration on the certification issue.
[2] We note three married couples are included among the class members, thus in practical terms, reducing the number of potential separate suits or joinders to twenty-eight.
[3] Plaintiff also argues the trial court erred in denying certification without allowing him an opportunity to amend under La.Code Civ.P. art. 934. He contends he could have included allegations by amendment of his petition which would have increased the size of the class to sixty-four, thus meeting the numerosity requirement. However, certification was denied because there was no prima facie showing by plaintiff of the elements necessary for maintenance of a class action. Since this deficiency could not be removed by amendment, the trial court did not err in not allowing plaintiff an opportunity to amend his petition. La.Code Civ.P. art. 934.
[4] The general federal rule, which we consider persuasive authority, is to the effect a delay in moving for certification need not, in the absence of prejudice, result in denial of class certification. Waldman v. Electrospace Corp., 443 F.Supp. 40 (S.D.N.Y.1977).
[5] We note under La.Code Civ.P. art. 593.1, a provision added by Act No. 55, Sec. 1 of 1984, effective June 8, 1984, a trial court may take up the issue of certification on its own motion or on the motion of any party. This provision now eliminates any problem of undue delay by the plaintiff in moving for certification.