541 So.2d 226 (1989)
Patricia PHILLIPS and Carrie Swanson, Individually and on Behalf of All Others Similarly Situated
v.
ORLEANS PARISH SCHOOL BOARD.
No. 88-CA-1757.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1989.
*227 Larry Samuel, New Orleans, for plaintiff-appellant Patricia Phillips and Carrie Swanson et al.
Polack, Rosenberg, Rittenberg & Endom, Franklin V. Endom, Jr., Robert M. Rosenberg, New Orleans, for defendant-appellee Orleans Parish School Bd.
Before SCHOTT, C.J., and KLEES and WILLIAMS, JJ.
KLEES, Judge.
The issue in this appeal is whether the district court properly denied plaintiffs' motion to maintain this action as a class action. The named plaintiffs are teachers of exceptional children in Orleans Parish who instituted this suit in 1978 to compel the school board to pay them and others similarly situated a ten percent salary supplement formerly mandated by La.R.S. 17:427. Although the statute was amended during the summer of 1977 to make the supplement discretionary rather than mandatory, the amendment did not become effective until September 9, 1977. Plaintiffs therefore contend that all special education teachers employed by the Orleans Parish School Board who commenced such employment between August 22, 1977 and September 9, 1977 are owed the supplement.
In September of 1980, plaintiffs filed a motion for certification of class, and on November 26, 1980, the district court rendered a judgment defining the class. The motion to certify as a class action was continued for several years while other motions pertaining to the makeup of the class were heard and affected persons were given the chance to "opt in". The Orleans Parish School Board has consistently objected to the maintenance of this suit as a class action throughout the nearly ten years of court proceedings.
On March 19, 1987, Judge Johnson, on the recommendations of the Commissioner, rendered a judgment stating that a list of thirty-two named individuals fell within the class as defined by the November 26, 1980 judgment. Plaintiffs filed a motion for new trial, claiming that the list failed to include all the appropriate persons. The district court referred the motion to the Commissioner for hearing. Based on the Commissioner's written recommendations, the district court on December 14, 1987, denied plaintiffs' motion to certify the action as a class action. Plaintiffs now appeal that judgment.
It is well settled in Louisiana that there are three requirements for the maintenance of a class action: (1) A class so numerous that joinder is impractical; (2) The joinder as a party of at least one member of the class who is able to provide adequate representation for the absent class members; and (3) A "common character" among the rights of the representative(s) and the absent members of the class. McCastle v. Rollins Environmental Services, 456 So.2d 612, 616 (La.1984); La.Code Civ.Pro. arts. 591, 592. As we stated in Compass v. Pan American Life Ins. Co., 443 So.2d 720 (La.App. 4th Cir. *228 1983), writ den. 446 So.2d 1231 (La.1984), the initial burden is upon the plaintiffs seeking to maintain the class action to establish the elements of numbers in the class, impracticality of joinder of the class members, and commonality of factual and legal issues. 443 So.2d at 721.
In recommending that the district court deny the motion for class certification in this case, the Commissioner found that plaintiffs had failed to prove the existence of any of the three requirements for a class action. Specifically, the Commissioner found that the numerosity requirement was not satisfied where there were thirty-two class members, all of whom were identified. Secondly, the Commissioner stated that adequacy of representation was not ensured because the decisions in the case were not being made by the named plaintiffs, but rather by the teachers' union to which they belonged. Finally, the Commissioner found that although the legal issue of entitlement to supplemental pay was common to all class members, the specific factual situation changed from one plaintiff to another.
The district court adopted the Commissioner's recommendation. We cannot upset the judgment of the trier of fact absent manifest error. The record shows that there are thirty-two class members, whose names and addresses are known and who live within the same geographic area. The facts do not support plaintiffs' assertion that there are other persons who should be included in the class.
With regard to numerosity, there is no set number which automatically makes joinder impractical; rather the determination must be made on the facts and circumstances of each individual case. O'Halleron v. L.E.C., Inc., 471 So.2d 752, 755 (La. App. 1st Cir.1985). In O'Halleron, the court found that the numerosity requirement was not satisfied where there were thirty-two members of the class, whose names and addresses had been provided in answers to interrogatories, and there were no obstacles which might hamper the joinder of these persons to the suit. Id. at 755. Similarly, this court has held that joinder was not impractical where the eighteen members of the class all resided within the metropolitan New Orleans area. Compass, supra, at 722.
In light of the prior decisions, we find that the lower court was reasonable in determining that the numerosity requirement has not been established. The law mandates that the court consider not numbers alone, but the number of persons with respect to whether joinder of such persons is impractical. Here, the thirty-two potential plaintiffs are identified, live in the same general area, and all are members of the same union.
The trial court has great discretion in deciding whether a suit should be certified as a class action. Terrebonne Bank and Trust Co. v. Lacombe, 510 So.2d 78 (La. App. 1st Cir.1987). Upon reviewing the record, we cannot say that the trial court committed manifest error in finding that plaintiffs failed to establish the threshold requirement of numerosity. As this essential requirement for maintenance of a class action is lacking, we pretermit consideration of whether the other prerequisites have been established.
Accordingly, for the reasons given, the judgment of the district court denying the motion to certify this action as a class action is affirmed.
AFFIRMED.