589 So.2d 35 (1991)
Teresa Brumfield Wife of/and Richard BRUMFIELD, III, Jeanette Thompson Wife of/and Luther L. Thompson, and Julia Jarvis Wife of/and A.J. Jarvis Individually and in Their Representative Capacities on Behalf of All Those Similarly Situated
v.
ROLLINS ENVIRONMENTAL SERVICES (LA), INC. and ABC Insurance Company.
No. 90 CA 1067.
Court of Appeal of Louisiana, First Circuit.
October 18, 1991.
Stuart H. Smith, Metairie, for plaintiffs-appellants Teresa Brumfield, et al.
Donald T.W. Phelps, Baton Rouge, for defendant-appellee Rollins Environmental Services, Inc.
Before WATKINS, CARTER and FOIL, JJ.
CARTER, Judge.
This is an appeal from a trial court judgment sustaining defendant's peremptory exception raising the objection of improper use of class action. The trial court dismissed the class action with prejudice at plaintiffs' costs, but permitted plaintiffs' to pursue individual claims. We affirm.

FACTS
Plaintiffs, Teresa Brumfield, wife of/and Richard Brumfield, III; Jeanette Thompson, wife of/and Luther L. Thompson; and Julia Jarvis, wife of/and A.J. Jarvis, appearing individually and as representatives of similarly situated persons, sued defendant, Rollins Environmental Services (LA), Inc., seeking damages and attorney's fees as a result of certain toxic and hazardous *36 materials allegedly discharged from defendant's facilities.
In response to the petition, Rollins filed a dilatory exception raising the objection of vagueness and a peremptory exception raising the objection of improper use of class action. The vagueness exception was sustained; plaintiffs amended their petition, alleging that certain specific harmful emissions from the Rollins facilities caused their damages.
Subsequent to the amendment of plaintiffs' pleadings, Rollins re-urged its peremptory exception raising the objection of improper use of class action.
After the hearing on the peremptory exception raising the objection of improper use of class action, the district court sustained the exception and dismissed the suit as a class action. Plaintiffs devolutively appealed the judgment of dismissal of the class action.
On appeal, plaintiffs contend that the trial court denied them an evidentiary hearing on the appropriateness of a class action and erred in dismissing their suit as a class action.

CLASS ACTION
There is no merit in plaintiffs' complaint that they were denied an evidentiary hearing. The record reflects that the question of whether class action was proper under the circumstances was put at issue by defendant's peremptory exception raising the objection of improper use of class action and by having the matter set for a hearing with notice to the parties. As stated earlier, Rollins re-urged its exception raising the objection of improper use of class action, and the court set the matter for hearing. All parties were given notice of the hearing.
At the hearing, the court ruled that the burden of proof was on the plaintiffs to show that "this is a proper matter for a class action," and directed plaintiffs' counsel to proceed with his evidence. Counsel then began to argue, at some length, the law pertinent to the class action. The trial judge again requested counsel to present his evidence. In response, counsel indicated to the court that the petition satisfied the requirements for a class action and "that would be the only evidence that we would have at this point in time."
The trial judge then addressed plaintiffs' counsel:
I'm talking about evidence. If you have evidence that you want to introduce, if there's no objection, we'll take that evidence.
In response, plaintiffs' counsel attempted to offer "a listing of individuals who have retained undersigned counsel to prosecute this litigation." Defendant's counsel's objection to the introduction of the list was sustained by the court. The court then called for "any other evidence." Plaintiffs' counsel stated that he had no other evidence, indicating "plaintiffs will not offer any other evidence because they don't feel that that's necessary based upon the fact that the defendants have not filed any evidence and the pleadings are clear that the requirements are satisfied."
In Livingston Parish Police Jury v. Illinois Central Gulf Railroad Company, 432 So.2d 1027, 1030 (La.App. 1st Cir.), writ denied, 437 So.2d 1137 (La.1983), the court stated:
In the instant case a hearing was held on the objection to the availability of the class action. The parties were afforded an opportunity to present pertinent evidence. At the conclusion of the hearing, the trial court overruled the peremptory exception. We hold that there is no basis for appellants' complaint that the actions of the trial judge deprived them of an opportunity to test the propriety of the class action.
In Livingston, there appears to have been some 3,000 people adversely affected by the disaster. The certification of the class was put at issue by the peremptory exception filed by defendants. In the case sub judice, the defendant used the same procedural device to put the propriety of the class action at issue.
In determining whether a class action is proper, proof of the requirements established *37 by LSA-C.C.P. arts. 591(1) and 592 for a class action is necessary:
1. A class so numerous as to make it impractical for all of the persons to join or be joined as parties, and
2. The joinder as parties to the suit one or more persons who are
(a) members of the class, and
(b) so situated as to provide adequate representation for absent members of the class, and
3. A common character among the rights of the representatives of the class and the absent members of the class.
See State ex rel. Guste v. General Motors Corporation, 370 So.2d 477, 487 (La.1979) (on rehearing).
In O'Halleron v. L.E.C., Inc., 471 So.2d 752 (La.App. 1st Cir.1985), plaintiffs filed a class action on certain contracts. Thirty-two persons were involved. Defendant responded by a rule to show cause why the class action should not be dismissed. Plaintiffs, thereupon, moved to certify the class. The matter was submitted by agreement on memoranda. The trial court denied certification, dismissed with prejudice the class action, and reserved plaintiffs' right to proceed individually. In affirming, this court remarked:
There is no set number above which a class is automatically considered so numerous as to make joinder impractical as a matter of law. This determination must be made on the facts and circumstances of each individual case.
471 So.2d at 755.
The O'Halleron case also holds that the plaintiff must make a prima facia showing of the elements necessary for maintenance of a class action. 471 So.2d at 756, n. 3.
In Farlough v. Smallwood, 524 So.2d 201, 203 (La.App. 4th Cir.), writ denied, 526 So.2d 810 (La.1988), the court pointed out that the plaintiff has the burden of proving the availability of the class action, ruling that: "To prevail, [the plaintiff] must substantiate the allegations pertinent to the formation of a class action."
In Phillips v. Orleans Parish School Board, 541 So.2d 226, 227-228 (La.App. 4th Cir.1989), the court said:
As we stated in Compass v. Pan American Life Ins. Co., 443 So.2d 720 (La.App. 4th Cir.1983), writ. den., 446 So.2d 1231 (La.1984), the initial burden is upon the plaintiffs seeking to maintain the class action to establish the elements of numbers in the class, impracticality of joinder of the class members, and the commonality of factual and legal issues. 443 So.2d at 721.
We point out that conclusory allegations of a pleading have been held to be insufficient to establish the existence of a class so as to permit the use of class action procedure. Hatheway v. John, 517 So.2d 1218, 1220 (La.App. 4th Cir.1987), writ denied, 520 So.2d 425 (La.1988). At best, in the case sub judice, plaintiffs presented merely conclusory allegations of their pleading. Plaintiffs declined to offer testimonial evidence, or any other admissible evidence, despite being given the opportunity to do so.
Plaintiffs' reliance upon McCastle v. Rollins Environmental Services of Louisiana, Inc., 456 So.2d 612 (La.1984) as definitively proving their case is misplaced. McCastle is distinguishable from the case at bar. In McCastle, the plaintiffs were 4,000 residents who lived near a hazardous waste disposal facility of the defendant. In their petition, the plaintiffs requested certification of the class. Defendant filed an exception of improper use of a class action. At the hearing, testimony was given on the numerosity element, the similarities of the claimants' situations, and the general effect of the hazardous material on the members of the class. The testimony also indicated that the condition existed continuously or on a number of occasions at least.
The trial court has great discretion in deciding whether a suit should be certified as a class action. Phillips v. Orleans Parish School Board, 541 So.2d at 228; Terrebonne Bank & Trust Company v. Lacombe, 510 So.2d 78, 80 (La.App. 1st *38 Cir.1987). Unless the trial court has committed manifest error, we must affirm.
Upon reviewing the record, we cannot say the trial court committed error in holding that the plaintiffs failed to establish their right to use a class action under the circumstances of this case. Plaintiffs proved none of the requisite elements of the class action. There is no evidence in the record that supports plaintiffs' allegations as was presented in McCastle.
Accordingly, for the foregoing reasons, we affirm the judgment of the district court, sustaining defendant's peremptory exception pleading the objection of improper use of class action. Plaintiffs are cast for all costs.
AFFIRMED.