705 So.2d 213 (1997)
Patty Carr and John R. CARR, Individually and as Administrator of the Estate of the Minor Child James Carr and Seley Williams and Raymond Williams Individually and on Behalf of the Minor Child Mandy Williams
v.
HOUMA REDI-MIX CONCRETE CO., INC.
No. 96 CW 1548.
Court of Appeal of Louisiana, First Circuit.
November 10, 1997.
Rehearing Denied February 18, 1998.
*214 Wendell Gauthier, Metairie, Stephen M. Irving, Baton Rouge, Julie B. Beiser, Bruce C. Dean, Metairie, for Plaintiffs-Appellees Patty Carr, et al.
Paul J. McMahon, Lafayette, for Defendant-Appellant Houma Redi-Mix Concrete Co., Inc.
Alexander M. Crighton, Houma, Gary M. Zwain, Metairie, for Third Party Defendant Terrebonne Parish School Board.
Philip A. Spence, Houma, for Third Party Defendant Terrebonne Parish Consolidated Government.
Before FOIL, WHIPPLE, FITZSIMMONS and KUHN, JJ., and TYSON[1], J. Pro. Tem.
FITZSIMMONS, Judge.
The plaintiffs in this matter are two students from East Houma Elementary School and their parents: Patty and John Carr, individually and on behalf of their minor child, James; and Seley and Raymond Williams, individually and on behalf of their minor child, Mandy. These persons also seek to represent all others similarly situated. Suit was filed against one defendant, Houma Redi-Mix Concrete Co., Inc.(Redi-Mix). The suit alleged that diesel fumes and cement dust emitted by Redi-Mix settled over the school property. The Redi-Mix plant is located next to the school property. Plaintiffs alleged that the emissions injured them, unnamed school staff, and unnamed students. The petition also complained of loud and annoying noises from the plant. After a hearing, the trial court certified a class consisting of "students at the East Houma Elementary School between September 8, 1994 through September 8, 1995...." Redi-Mix filed a number of motions: Redi-Mix sought reconsideration, a new trial, and a "Peremptory Exception of Improper Use of Class Action Procedure." The motions and exception were denied by the trial court. Defendants sought review by two methods: they filed a writ, and they appealed the trial court's certification. On January 28, 1997, this court ordered that a writ of certiorari issue, and referred writ 96 CW 1548 to the regular docket. The appeal was docketed as 96 CA 2462, but subsequently dismissed by this court.[2]
The writ challenges the class certification order. The issue is whether the plaintiffs proved the requirements for a class action.

PREREQUISITES OF A CLASS ACTION
The requirements for a class action are (1) a group of persons so numerous as to make it impractical for all of the persons to join or be joined as parties; (2) the joinder of parties who are members of the class and able to provide adequate representation for absent members; and (3) a common character between the rights of the representatives of the class and the absent members. La. C.C.P. arts. 591 & 592; Cotton v. Gaylord Container, 96-1958, 96-2029, 96-2049, p. 13 (La.App. 1st Cir. 3/27/97); 691 So.2d 760, 768, writ denied, 97-0800 (La.4/8/97), 693 So.2d 147;
The first requirement is numerosity. It is determined based upon the facts of each case. Cotton v. Gaylord Container, 96-1958, 96-2029, 96-2049, at p. 14; 691 So.2d at 768. Numerosity is not shown by mere allegations of a large number of potential claimants. Pulver v. 1st Lake Properties, Inc., 96-248, p. 5 (La.App. 5th Cir. 9/18/96); 681 So.2d 965, 968. The burden is on the plaintiff-mover to make a prima facie showing that a definable group of aggrieved persons exists, and that the class is so numerous that joinder is impractical. Conclusory allegations are not sufficient. Cotton v. Gaylord Container, 96-1958, 96-2029, 96-2049, at p. *215 13-14; 691 So.2d 760 Pulver v. 1st Lake Properties, Inc., 96-248, at p. 5; 681 So.2d at 968; Brumfield v. Rollins Environmental Services (LA), Inc., 589 So.2d 35, 37 (La.App. 1st Cir.1991).
The trial court has great discretion in deciding whether a suit should be certified as a class action. The decision of the trial court will not be overturned in the absence of manifest error. Brumfield v. Rollins Environmental Services (LA), Inc., 589 So.2d at 37-38.
Mrs. Carr and Mrs. Williams testified that their children, James and Mandy, respectively, had suffered various ailments since attending the school. Mandy experienced bladder problems and colds. James experienced repeated respiratory infections, which decreased somewhat after the plant moved. Mrs. Carr testified that another child of hers also experienced respiratory problems, but was not a plaintiff.
The testimony of the parents established that three children were aggrieved parties. However, the record contains no evidence that a sufficiently large number of children are aggrieved or injured.[3] No other parties have joined the suit or filed individual suits on behalf of students at the school. There were no news stories documenting any problems experienced by the school children. No reports of increased medical problems in the community were submitted. The principal reported that attendance was high and absenteeism was not a problem at the school. When the principal was asked if he was aware of the physical effects on the children of the cement dust in the area, he said, "No." The principal did state that three children vomited in his office while diesel smells were present in the air. However, the children had also just eaten lunch. No evidence was admitted to show that the children complained of the diesel smell or that it caused the illness. One teacher testified that some of the children complained of irritation while playing in the school yard, but the extent of the irritation and number of children was not developed.
Approximately 5-6 people picketed the cement plant and approximately 6-8 persons, including at least two of the people who picketed, filed complaints with the DEQ. According to the record, one child was noted at the picket line. However, there is no evidence that the child attended the school in question. The defendant received no complaints from parents or children in the school.

CONCLUSION
For these reasons, we find that the trial court committed manifest error in finding that, based on the facts of this particular case, the plaintiffs made a prima facie showing that a class of aggrieved students at East Houma Elementary School exists that is so numerous that joinder is impractical. The aggrieved or injured parties appears to be small. Evidence that the students were exposed to cement dust does not equate to the establishment of a large group that was aggrieved or injured. Mere speculation that a large number of children must have been harmed and will wish to sue is not sufficient to meet the numerosity requirement. A class action, under the circumstances here, would not be more efficient: it would be inefficient, unnecessary, and unfair to the defendant. If the facts presented to the trial court change, certification can be re-urged.
We reverse the judgment of the trial court. We dismiss the suit as a class action. The remainder of the action is remanded to the trial court for further proceedings. Costs of this proceeding are assessed equally to plaintiffs and defendant.
REVERSED, RENDERED, AND REMANDED.
WHIPPLE, J., dissents with reasons assigned.
*216 WHIPPLE, Judge, dissenting.
I respectfully disagree with the majority's opinion herein, including the author's decision to deny supplementation of the record in the above captioned matter. As plaintiffs' counsel correctly notes, the issue in class certification is the number of potential claims, not the number of actual plaintiffs or the merit (or lack thereof) of their claims. It is clear that the trial court carefully considered the testimony and carefully tailored the class of plaintiffs; thus, I can not say the trial court was manifestly erroneous in its certification of the class or in its certification of these individuals as representative plaintiffs. It is also noteworthy that there is a reference in the record and some discussion in the transcript regarding an order issued by the trial court which prohibited plaintiffs' counsel from contacting potential class members pending resolution of the certification issue. For these reasons, and because supplementation of the record would render moot any argument by defendants regarding numerosity, I respectfully dissent and would find that plaintiffs have established a prima facie showing justifying certification of the class.
NOTES
[1] The Honorable Ralph E. Tyson, Judge, 19th Judicial District Court, is serving as judge pro tempore by special designation of the Louisiana Supreme Court.
[2] The appeal was dismissed for failure to show irreparable harm. See La. C.C.P. art. 2083.
[3] An informal survey allegedly documenting problems experienced by teachers and staff, not the students, was improperly admitted over a hearsay objection. The survey did not fit into the exceptions to the hearsay rule found in Louisiana Code of Evidence article 803. It was an investigation, undertaken in response to a complaint, into circumstances that gave rise to this proceeding. See La. C.E. art. 803(8)(b)(iv).