524 So.2d 201 (1988)
Ernestine F. FARLOUGH et al.
v.
Jessie M. SMALLWOOD et al.
No. CA-8106.
Court of Appeal of Louisiana, Fourth Circuit.
April 12, 1988.
Writ Denied June 3, 1988.
Stephen H. Burrington, New Orleans Legal Assistance Corp., New Orleans, for appellants.
Arthur J. O'Keefe, O'Keefe, O'Keefe and Bernstein, New Orleans, for defendant-appellees.
Before GARRISON, LOBRANO and WILLIAMS, JJ.
WILLIAMS, Judge.
Plaintiff filed suit challenging the rent-adjustment policy practiced by the Housing *202 Authority of New Orleans, [HANO] as contrary to federal law and requesting that she be certified as a representative in a class action suit. Defendants are officials of HANO. Jessie Smallwood is its executive director and Viney Reynolds is manager of the B.W. Cooper housing development of HANO. HANO provides housing to over 13,000 low-income persons. The tenants are provided with housing at a fixed-rent. When making rent determinations, HANO considers the lessee's various sources of income. HANO has established a procedure to allow tenants who lose a source of income to apply to have their rent adjusted downward to reflect the loss of that income.
Plaintiff contends that when she reported a reduction of income to HANO, the proper adjustments were not made. HANO claims that tenants, such as plaintiff and those similarly situated, are placed on temporary status while seeking another source of income. HANO is to be informed of the nature and extent of that income when established and adjustment is made. Accordingly, HANO has established a grievance procedure for tenants who disagree with HANO's action in a particular case. Instead of exhausting her administrative remedies, Farlough commenced this action challenging the validity of the administrative procedures established by HANO for determining a rent reduction. She sought an immediate rent adjustment and class certification.
The trial court granted a Motion for Summary Judgment, finding HANO's application of their rent-adjustment policy violated plaintiff's rights under federal law. The court ordered a rent-adjustment as desired by plaintiff. Subsequent to that decision, however, the trial court would not certify the case as a class action. In refusing to certify the class, the trial court determined that the tenants must seek administrative review prior to seeking judicial relief. Plaintiff appealed.
Defendants claim that plaintiff's right to appeal has prescribed. We note, however, that this court considered the merits of this argument and found the appeal to be timely. Farlough v. Smallwood, CA-8106 (Nov. 10, 1987).
On appeal, the trial court's finding regarding the rent-adjustment policy practiced by HANO was not challenged, accordingly, this appeal is concerned only with the issue of class certification. With respect to the certification of the proposed class, the plaintiff asserts that the trial court erred in requiring that administrative remedies be exhausted prior to judicial intervention and, further, that the proposed class meets the requirements necessary for class certification under Louisiana law.
In reaching its decision to refuse class certification, the trial court relied on two United States Supreme Court cases, Mathews v. Eldridge, 42A U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) and Bowen v. City of New York, 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). We find that the cases relied on are distinguishable on their facts. In Bowen, the plaintiffs challenged the procedure utilized by the Social Security Administration in determination of original and continuing eligibility of claimants for disability benefits. As to the requirement that disappointed claimants exhaust administrative remedies prior to judicial intervention, the court found exhaustion unnecessary. We note, however, that the issue before the court was whether claimants who had not exhausted their remedies could be included in the certified class. The court allowed the inclusion. The distinguishing fact was that the class had already been certified. The court was not faced with the question of whether or not a certifiable class existed. Further, in this case the requirement of exhaustion did not weigh on the certification of the class. The Mathews decision, on the other hand, did not involve a class action but only exhaustion of administrative remedies. In sum, neither of the cited cases required an exhaustion of administrative remedies prior to class certification.
In determining whether a class action is proper under Louisiana law, proof of the following requirements is necessary:
(1) A class so numerous that joinder is impracticable; *203 (2) The joinder as parties to suit of one or more parties who are:
a. Members of the class; and
b. so situated as to provide adequate representation for absent members of the class; and
(3) A "common character" between the rights of the representatives of the class and the absent members of the class. McCastle v. Rollins Environmental Services, 456 So.2d 612, 616 (La.1984).
The Louisiana Code of Civil Procedure is quite clear in its articles and commentary on class action:
Article 591 states the following prerequisites:
A class action may be instituted when the persons constituting the class are so numerous as to make it impracticable for all of them to join or be joined as parties, and the character of the right sought to be enforced for or against the members of the class is:
(1) Common to all members of the class; or
(2) Secondary, in the sense that the owner of a primary right refuses to enforce it, and a member of the class thereby becomes entitled to enforce the right.
To prevail, Farlough must substantiate the allegations pertinent to the formation of a class action.
To establish numerosity, "a class so numerous that joinder is impracticable," is a determination made on the facts and circumstances of each individual case. O'Halleron v. L.E.C., Inc., 471 So.2d 752 (La.App. 1st Cir.1985). Although the identification of all potential class members is unnecessary, the party seeking certification should be able to establish a definable group of aggrieved persons.
In the case at bar, plaintiff asserts that there are over 13,000 tenants in HANO projects using the HANO standard lease. This constitutes a large number, however, there is no set number above which a class is automatically considered so numerous as to make joinder impracticable as a matter of law.
In this case, there is no evidence in the record to indicate that all of HANO tenants, or even a substantial number of them, have been aggrieved by the policy. Further, we find that plaintiff has not sufficiently established that there exists a group of people who have requested adjustments and been denied relief. Additionally, the plaintiff has not shown that the alleged aggrieved parties are not identifiable and no obstacles have been shown which might hamper their joinder. Id.
Considering the factors stated above, we do not find that the proposed class satisfies the numerosity requirement. Accordingly, we affirm.
AFFIRMED.