613 So.2d 1152 (1993)
Anita RIVERA, et al.
v.
UNITED GAS PIPELINE COMPANY, et al.
No. 92-CA-753.
Court of Appeal of Louisiana, Fifth Circuit.
February 10, 1993.
*1153 Daniel E. Becnel, Jr., Becnel, Landry & Becnel, Reserve, for plaintiff/appellant Anita Rivera.
Paul B. Deal, Charles R. Talley and Kelley A. Robichaux, New Orleans, for defendant/appellee United Gas Pipe Line Co.
Lawrence E. Abbott and T. Patrick Baynham, Abbott & Meeks, New Orleans, for defendant/appellee Woodson Constr. Co., Inc.
Before KLIEBERT, GAUDIN and CANNELLA, JJ.
CANNELLA, Judge.
Plaintiffs, Anita Rivera, et al, appeal from a judgment in favor of defendants, United Gas Pipe Line, (United Gas), et al, maintaining defendants' exception to plaintiffs' case as a class action. For the reasons which follow, we reverse the judgment insofar as it pertains to this case,[1] and remand for further proceedings consistent with the views expressed herein.
On October 29, 1991, plaintiffs (now approximately 800 petitioners) filed suit No. 28738 in the 40th Judicial District Court for the parish of St. John the Baptist against defendants, United Gas, Woodson Construction Co.(Woodson), and B & G Crane Service. Plaintiffs allege sustaining damages, including personal injury, property damage and inconvenience, as a result of a gas line rupture in Belle Point Subdivision on October 24, 1991 which caused a large amount of natural gas to be released into the air. Schools, businesses and homes in the area were evacuated. Plaintiffs filed as a class action under La.C.C.P. art. 591 et seq.
In response, United Gas and Woodson filed exceptions to plaintiffs' petition insofar as it asserted a class action. Plaintiffs opposed the exceptions. The exceptions were heard on May 20, 1992 and taken under advisement. On June 26, 1992 the trial court rendered judgment in favor of defendants, maintaining the exceptions to the class action. No reasons for judgment were issued. Plaintiffs appealed.[2]
Plaintiffs argue that the trial court erred in refusing to certify the class, contending that the requirements of La.C.C.P. art. 591 et seq, have been met and that the class action is appropriate.
Defendants argue that the class, "all persons and entities who or which sustained direct and/or consequential injury and damage", is too broad and also that the class lacks "common character" to make the certification of the class appropriate.
The Louisiana class action has been discussed extensively by our Supreme Court. The leading cases on the issue are McCastle v. Rollins Environmental Services, 456 So.2d 612 (La.1984), State ex rel Guste v. General Motors Corp., 370 So.2d 477 (La.1978) (on rehearing), Williams v. State, 350 So.2d 131 (La.1977) and Stevens v. *1154 Board of Trustees, 309 So.2d 144 (La.1975). Those cases set out the basic requirements for a class action, provided for in La.C.C.P. art. 591 and 592, as follows:
1. A class so numerous that joinder is impracticable, and
2. The joinder as parties to the suit one or more persons who are
(a) members of the class, and
(b) so situated as to provide adequate representation for absent members of the class, and
3. A "common character" among the rights of the representatives of the class and the absent members of the class.
McCastle v. Rollins Environmental Service of Louisiana, supra, 456 So.2d at 616.
All three of the elements must be met for a class action to be appropriate and it is well settled that it is plaintiff's burden to prove each element, by a preponderance of the evidence.
The first requirement, that the persons constituting the class are so numerous as to make joinder impracticable, is often referred to as "numerousity." The numerosity requirement is not met by simply alleging a large number of potential claimants. In fact, the jurisprudence has held that, in certain circumstances, a "class" can be too numerous to satisfy the numerosity requirement. Farlough v. Smallwood, 524 So.2d 201 (La.App. 4th Cir.1989), writs denied, 526 So.2d 810 (La.1988). Specifically, the court in Farlough held:
To establish numerosity "a class so numerous that joinder is impracticable," is a determination made on the facts and circumstances of each individual case. Although the identification of all potential class members is unnecessary, the party seeking certification should be able to establish a definable group of aggrieved persons. 524 So.2d 203.
For the numerosity requirement to be met, it must be shown that the class is so numerous that joinder is impractical, but at the same time, it is a definable group of aggrieved persons.
The second requirement, "proper joinder", is to ensure adequate representation of the absent class members by requiring that one or more of the class members will represent the interests of the entire class adequately.
Third, plaintiffs must establish that a "common character" exists, that is, the questions of law or fact common to the members of the class predominate over any questions affecting only individual members. This requirement restricts the class action to those cases in which it would achieve economies of time, effort, and expense and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results. McCastle, supra. When a "common character" of rights exists, a class action is superior to other available adjudicatory methods for the purpose of promoting the basic aims and goals of a procedural device: (1) effectuating substantive law; (2) judicial efficiency; and (3) individual fairness. McCastle, supra; Guste v. General Motors Corp., supra; Williams v. State, supra; Stevens v. Board of Trustees, supra.
Certification of the class will not be defeated because of individual damage claims. With respect to the question of damages, it has been held that individual questions of quantum do not preclude a class action when predominant liability issues are common to the class. McCastle, supra; Guste, supra; Williams, supra; Stevens, supra.
The fundamental objective of the class action device is the achievement of economies of time, effort and expense. Thus, it must be decided whether the intertwined goals of effectuating substantive law, judicial efficiency and individual fairness would be better served by some other procedural device.
The Supreme Court has held that "if there is to be an error made, it should be in favor of and not against the maintenance of the class action, for it is always subject to modification should later developments during the course of trial so require." McCastle, supra, 456 So.2d at 620; La. C.C.P. art. 593.1.
*1155 Plaintiffs rely on the McCastle case in support of their argument that the trial court erred in not certifying the class herein. McCastle held that a class action was appropriate where over 4000 residents near a waste disposal facility filed suit against the facility for injuries they suffered from the release of fumes into the air by defendants' operations. The case is factually similar to the one before us. Plaintiffs were neighboring residents to defendants' facilities and were injured by the release of noxious fumes and gases into the air by defendants' equipment or facilities. Causation of the damages was the same for all plaintiffs, although the damages themselves varied as to each plaintiff. In holding the class action should be allowed, the court found:
... the class is so numerous that individual joinder is impractical, the representative parties are proper champions of the class, and a common character exists among the rights of the members of the class, as evidenced by the superiority of the class action over other available adjudicatory methods for effectuating substantive law, judicial efficiency and individual fairness.
McCastle, supra, 456 So.2d at 615.
We find McCastle to be persuasive in this case.
Plaintiffs have asserted causes of action on behalf of a class of residents and property owners for personal injuries caused by the release of natural gas into the air when a gas line being worked on by defendants, ruptured in the Belle Point Subdivision. The class consists of members effected by the rupture and gas leak in varying degrees. The interested parties appear to be so numerous, approximately 800 having joined as plaintiffs so far, that the courts would be unduly burdened by their separate suits. Inconsistent results from separate trials for persons similarly situated would be unjust.
Furthermore, the essence of the causes of action is that the defendants conducted activities on the gas line in their care, custody and control in such a manner that it caused a rupture, which personally injured the members of the class for which defendants are liable. The economies of unitary adjudication are clear. The location of virtually all the witnesses and members of the class in the same vicinity, as well as the identity of the main issues of liability in all claims, will facilitate a prompt, efficient, and relatively inexpensive single trial on the common liability issue. Individual questions of damages will not preclude a class action when the liability issues are common to the class.
It is true that the class action places added responsibilities and burdens on the trial court. However, the class is subject to modification should later developments so require (La.C.C.P. art. 593.1(B)). Also, procedural devices (La.C.C.P. art. 593.1(C)) assist the court in managing a class action.
On the showing made herein, the class action is far superior to other available adjudicatory methods for effectuating substantive law, judicial efficiency and individual fairness in this case. Certification of the class for this lawsuit should be permitted.
Accordingly, for the reasons stated above, we find that the district court erred in refusing to certify the class in this case. The judgment, insofar as it granted defendants' exceptions to this class action, is reversed. The case is remanded to the district court for further proceedings consistent with the views expressed herein.
REVERSED AND REMANDED.
NOTES
[1] There was a second case involving a class action question, Becnel v. United Gas Pipeline, heard in district court with the instant case. One judgment was rendered for both cases, denying certification of the respective classes. For a complete discussion of the Becnel case in which we affirm the district court judgment, see our opinion Becnel v. United Gas Pipeline, 613 So.2d 1155 (La.App. 5th Cir.1992).
[2] Defendants filed a Motion to Dismiss Appeal because costs were not paid by the return date and the record was not lodged by that date, with no extension being granted. The motion was referred to the merits by order of this court dated October 2, 1992. It is well settled that if the appellant pays the costs required, the appeal may not be dismissed because they were paid after their return date, with no extension, or because the record was lodged late. La.C.C.P. art. 2126(F). Accordingly, we deny the Motion to Dismiss Appeal.