619 So.2d 137 (1993)
George ELLIOTT, O'Neil Ginn, Isidor Lopez, David Nealy, Timothy Morris, Norris Henderson, Stanley A. Smith, Checo Yancy, Edward Smith, Gerald Bosworth, Danny Sermon, George Witherspoon, Lue Sullivan, Beryl Carter, Gordon Bradford
v.
STATE of Louisiana, Charles "Buddy" Roemer, Governor of the State of Louisiana, William J. Guste, Jr., Attorney General of the State of Louisiana.
No. CA 92 0773.
Court of Appeal of Louisiana, First Circuit.
May 28, 1993.
June E. Denlinger, Keith B. Nordyke, Baton Rouge, for plaintiffs-appellees George Elliott, et al.
*138 Joseph Erwin Kopsa, Baton Rouge, for defendant-appellant State of La., et al.
Before LOTTINGER, C.J., and FOIL and FOGG, JJ.
FOIL, Judge.
In this appeal, we are asked to review the action of the trial court in granting plaintiffs' motion for certification of this lawsuit as a class action. After a thorough review of the record, we reverse.

PROCEDURAL BACKGROUND
Plaintiffs are fifteen inmates in the custody of the Department of Public Safety and Corrections at the Louisiana State Penitentiary at Angola. They brought this suit against the State of Louisiana and its former governor and attorney general, contending that La.Code Cr.P. art. 930.8, which limits the time in which a person in the custody of the Department may file an application for post conviction relief, is unconstitutional on its face and as applied. The inmates sought a declaratory judgment pronouncing the provision unconstitutional, as well as injunctive relief prohibiting the State from utilizing the statute to bar claims for post conviction relief. The plaintiffs also requested that the lawsuit be certified as a class action.
In their petition, plaintiffs alleged that there are 5,200 inmates incarcerated at Angola. They asserted that they are entitled to litigate the constitutionality of the time limitation as a class action because the inmate population is large in number, the inmates are similarly situated, and all inmates have a common interest in this litigation. The State challenged the request for class action certification pursuant to La. Code Civ.P. art. 593.1. A hearing was held before an officer appointed by the trial court, following which the hearing officer recommended that the court certify the class, but only if the court agreed to dispense with any notification requirements to the potential class members. The court rendered judgment certifying the class action, authorizing the action to proceed without formal notice to any potential member of the class. This appeal, taken by the State, followed.

DISCUSSION
In 1990, the legislature enacted La.Code Cr.P. art. 930.8 to limit the time period for filing applications for post conviction relief. The effective date of the provision was October 1, 1990. The legislation provided that inmates had three years from the date a conviction and sentence became final to file an application for post conviction relief, unless one of the enumerated exceptions applied. Three of those exceptions are: (1) the facts upon which the claim is predicated were not known to the petitioner or his attorney; (2) an appellate court issued a final ruling establishing a new interpretation of constitutional law which the petitioner establishes is retroactive to his case; and (3) the petitioner was sentenced to death. The statute also contains a grace period which allows an inmate, whose application would be barred by the time limitation, to file one year after the effective date of the statute. In essence, the legislation bars all claims for post conviction relief filed where three conditions are present: (1) three years have passed since the petitioner's conviction and sentence were final; (2) the petition was filed after the October 1, 1991 grace period; and (3) none of the exceptions in the statute are applicable. The statute also bars a court from considering even a timely filed application for post conviction relief if the State can show that its ability to respond thereto has been materially prejudiced.
At issue in this appeal is the propriety of the certification of the class action. The class action procedure was devised to solve problems associated with adjudicating lawsuits in cases involving an unwieldy number of parties who should be joined. Livingston Parish Police Jury v. Acadiana Shipyards, Inc., 598 So.2d 1177 (La.App. 1st Cir.), writs denied, 605 So.2d 1122 (La.1992). The prerequisites for the institution of a class action are: 1) the parties are so numerous as to make joinder impracticable; 2) the right sought to be enforced for or against the members of the *139 class is common to all of the members of the class; and 3) adequate representation of the absent class members. La.Code Civ.P. arts. 591 and 592; Livingston Parish Police Jury v. Acadiana Shipyards, Inc., 598 So.2d at 1181.
Plaintiffs contend that the constitutional challenge to the time limitation is proper for litigation as a class action because the prison population is so numerous as to make joinder impractical; the inmates all have a common interest in this litigation; and the inmates are all similarly situated. However, we agree with the State's argument that the plaintiffs failed to establish the second requirement necessary to maintain a class action.
In order to maintain the class action, there must not only be a common question of law or fact as required by La.Code Civ.P. art. 591(1), there must also be a "common character" among the rights of the representatives and absent class members. Livingston Parish Police Jury v. Acadiana Shipyards, Inc., 598 So.2d at 1182. The "common character" requirement limits the class action to those cases in which it would achieve economies of time, effort and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results. Id. at 1182. When there is a common character of the rights present, a class action is superior to other available adjudicatory methods for achieving the goals of effectuating the substantive law, judicial efficiency and individual fairness. When the superiority of a class action is disputed, a court must inquire into the facts and circumstances of a case in order to determine whether the goals of a class action would be better served by another adjudicatory method. Id. at 1182.
The right sought to be enforced in this case is the right to file an untimely application for post conviction relief. At the hearing, plaintiffs attempted to demonstrate that the prison population was similarly situated in several respects. First, some of the representatives complained that should an appellate court later pronounce a new rule of constitutional law, which they could show had applicability to their convictions, the time limitation would prevent them from filing applications for post conviction relief. However, this exact circumstance is provided for as an exception to the time limitation: the inmate who can show that the new ruling is retroactive is not barred from filing an application for post conviction relief, irrespective of the statutory bar. Also, several of the prison inmate counsel substitutes revealed that they filed generic post conviction applications on behalf of 1,500 inmates prior to the October 1, 1991 deadline in order to preserve their right to file a full blown application for such relief. However, they asserted that these generic applications were being returned by the courts. It has not been definitively established whether these inmates are precluded from pursuing their post conviction claims by the Louisiana Supreme Court.
It is readily apparent that many members of the proposed class are not affected in any way by the application of the time limitation. Several of the inmate plaintiffs attested that they previously filed applications for post conviction relief which had been denied. There is no doubt that many inmates at Angola fall into this category: they have already unsuccessfully asserted all of their post conviction claims. Other members of the proposed class simply are not barred by the application of La.Code Cr.P. art. 930.8 from filing a claim for post conviction relief, including: those whose appeals are not yet final; those who are pursing their post conviction claims in the court system; those who fall under one of the enumerated exceptions in art. 930.8; and those who have no legitimate ground, as enumerated in La.Code Cr.P. art. 930.2, upon which to file an application for post conviction relief. In short, the limitation does not equally affect the members of the proposed class, and the inmates in the custody of the Department of Corrections are not similarly situated with respect to the challenged limitation. There is no "common character" of the right to be enforced among the proposed class members.
*140 Further, as a practical matter, there is no need to employ the class action procedure to litigate the constitutionality of the time limitation provision. This challenge is not susceptible to inconsistent determinations; should the statute be declared unconstitutional by any court in this state, a right of direct appeal to the Louisiana Supreme Court lies. We find nothing in this record to suggest that a class action would be a substantially less costly, more efficient and a more expedient method of adjudicating the constitutionality of the time limitation provision. The goals behind the class action procedural device would not be served by allowing this lawsuit to proceed as a class action.
We are mindful that a trial court is given great discretion in class action certification. Absent manifest error, the decision of the trial court to certify a class is to be affirmed. Adams v. CSX Railroads, 615 So.2d 476 (La.App. 4th Cir.1993). However, based on the foregoing reasons, we conclude that the trial court committed manifest error in certifying the class action. The State's peremptory exception challenging the class certification is hereby maintained. The case is remanded to the trial court for proceedings not inconsistent with this opinion. Costs of this appeal are assessed to plaintiffs.
REVERSED AND REMANDED.