658 So.2d 25 (1995)
Amy L. OLAVARRIETTE, individually and as Representative of a Class of Those Similarly Situated
v.
TONTI PROPERTIES, INC. and Tonti Management Corporation.
No. 95-CA-151.
Court of Appeal of Louisiana, Fifth Circuit.
June 28, 1995.
John H. Carmouche, Donald T. Carmouche, Talbot, Carmouche, Marchand, Marcello & Parenton, Donaldsonville, and Patrick W. Pendley, Law Offices of Patrick W. Pendley, Plaquemine, for plaintiffs-appellants Amy L. Olavarriette, et al.
Dennis J. Phayer, Metairie, for defendants-appellees Tonti Properties, Inc. and Tonti Management Corp.
Before KLIEBERT, C.J., and GAUDIN and DUFRESNE, JJ.
KLIEBERT, Chief Judge.
Plaintiff Amy Olavarietta[1] appeals the trial court's denial of her request to certify her suit as a class action. Plaintiff sued Tonti Properties, Inc., managers of her apartment complex,[2] for damages caused by renovations they performed in 1993, which were made without her permission and in violation of her lease provisions. She also sought to certify her suit as a class action, naming the residents of the other 383 units of her apartment complex, and all other residents of all Tonti managed apartment complexes in all states[3] where Tonti manages, where renovations might have been done. The defendant filed a Dilatory Exception of Improper Cumulation of Actions and a Motion to Revoke and/or Deny Class Certification. Upon hearing, the trial judge found in favor of defendant Tonti, denying plaintiff's request for class action certification, and further ordering the suit to proceed solely as Ms. Olavarrietta's individual action against defendant. Plaintiff devolutively *26 appealed. We affirm the trial court's judgment.
The trial court's well written Reasons for Judgment set forth the applicable law and salient facts. Therefore, we adopt them in full as our own. Following the trial court's reasons are other items we particularly note from the record.
REASONS FOR JUDGMENT
This matter came before the Court on Defendants' Motion to Revoke and/or Deny Class Certification, Defendants' Dilatory Exception of Improper Cumulation of Actions, and Defendants' Motion to Require Furnishing of Security.
In her original petition, plaintiff, Amy Olavarrietta, alleges that in the Spring of 1993, while a tenant at the Peppertree Apartment Complex in Metairie, she sustained damages as the result of defendants structurally altering her apartment without her written consent. The alteration consisted of the installation of a partition which served to partially close off the sleeping area from the rest of the apartment. Plaintiff claims this was done in violation of the lease existing between plaintiff and defendants.
In addition to pursuing her own individual claim for damages, plaintiff is also attempting to pursue a class action on behalf of all present residents of the Peppertree Apartment Complex in whose rental unit construction was performed during the Spring/Summer of 1993, all former residents of the Peppertree Apartment Complex in whose rental unit construction was performed at any time during which they resided at Peppertree, and all present and former tenants of any Tonti-managed residential property upon which any construction was performed in violation of either Tonti's own lease or the applicable lease law of Louisiana or any other state. Plaintiff included present and former residents of any other Tonti-owned apartment complex, whether located in Louisiana or in Colorado, Arizona, Florida, Texas, and New Mexico, based upon the "strong possibility" that Tonti has performed similar construction "on at least some of its other complexes".
In determining whether a class action is proper under Louisiana law, proof of the following requirements is necessary:
(1) A class so numerous that joinder is impracticable;
(2) The joinder as parties to suit of one or more parties who are:
a) Members of the class, and
b) so situated as to provide adequate representation for absent members of the class; and
c) A "common character" between the rights of the representatives of the class and the absent members of the class. McCastle v. Rollins Environmental Services, 456 So.2d 612, 616 (La.1984).
The Louisiana Code of Civil Procedure, Article 591, is clear in spelling out the prerequisites for a class action:
A class action may be instituted when the persons constituting the class are so numerous as to make it impracticable for all of them to join or be joined as parties, and the character of the right sought to be enforced for or against the members of the class is:
(1) Common to all members of the class; or
(2) Secondary, in the sense that the owner of a primary right refuses to enforce it, and a member of the class thereby becomes entitled to enforce the right.
To prevail, plaintiff must substantiate the allegations pertinent to the formation of a class action. Farlough v. Smallwood, 524 So.2d 201, 201 (La.App. 4 Cir.1988).
To establish numerosity "a class so numerous that joinder is impracticable," a determination must be made on the facts and circumstances of each individual case. Although the identification of all potential class members is unnecessary, the party seeking certification should be able to establish a definable group of aggrieved persons. Id.

In the present case, plaintiff asserts that there are a minimum of 350 people who were/are tenants in the Peppertree Apartment *27 Complex and potentially hundreds more who were similarly situated in apartments owned by defendants in Louisiana and other states which were renovated in the same illegal manner. Though this number is relatively large, there is no set number above which a class is automatically considered so numerous as to make joinder impracticable as a matter of law. Id.

In this case, there is no evidence to indicate that all of the tenants of Peppertree, or even a substantial number of them, have been aggrieved by the construction work done. The Court takes notice of the depositions of Earline Murray, Manager of Peppertree Apartments and Margaret Rappold, General Manager for Tonti Properties. They depositions acknowledge that these partitions were put in at Peppertree, and at Sunlake Apartments, where a building burned, but which construction was not done on any other Tonti properties. This would include all other Louisiana properties, as well as those mentioned in other states.
As in the Farlough case, plaintiff has not, and cannot, show that the alleged aggrieved parties are not identifiable. It seems to this Court, that a list of all tenants living at Peppertree at the time of the renovations would certainly identify any prospective plaintiffs. Plaintiff, herself, has not sufficiently established that there exists a group of people who have requested and been denied relief. Id.

Plaintiff has failed to meet the "numerosity" requirement. In addition, plaintiff has failed to demonstrate the "common character" requirement. This Court must, therefore, deny plaintiff's request for class certification.
This Court, therefore, grants defendants' Dilatory Exception of Improper Cumulation of Actions, including improper joinder of parties. Defendants' Motion to Require Furnishing of Security is moot and is denied.
Signed this 29th day of November, 1994 at Gretna, Louisiana.
 /s/Patrick J. McCabe
 JUDGE
The deposition of Margaret Rappold, general manager of Tonti, brings out that no such alteration was done on any other occupied property of Tonti's in Louisiana or any other state. Ms. Rappold said the construction notices instructed the tenants to object to the wall if they did not want it, and only about ten did object, to her knowledge. Construction of the wall on those units was delayed until the tenant moved out. Ms. Rappold was unaware of any lawsuits about the renovations, other than plaintiff's.
Earline Murray was the resident manager of Peppertree during the renovations. She said that a majority of the 384 tenants gave verbal permission to her for the wall's construction. She remembered that no more than four tenants per building objected to the renovation. With eight buildings in the complex, that makes thirty-two tenants who possibly objected to the construction. The trial court was correct in finding that the "numerosity" requirement was not met.
Therefore, we affirm the trial court's judgment that denies the certification of a class action and orders plaintiff's suit to proceed individually. Appellant is taxed with the costs of this appeal.
AFFIRMED.
NOTES
[1] Plaintiff's last name is spelled Olavarriette through her appellate brief; however, it is spelled Olavarrietta throughout the record.
[2] Peppertree (formerly Nantucket) Apartments in Metairie.
[3] Arizona, Colorado, Florida, Louisiana, New Mexico, and Texas.