681 So.2d 965 (1996)
Russell D. PULVER & Rebecca S. Pulver, et al.
v.
1st LAKE PROPERTIES, INC., et al.
No. 96-CA-248.
Court of Appeal of Louisiana, Fifth Circuit.
September 18, 1996.
*967 Russell D. Pulver, Houston, TX, C. Theodore Alpaugh, III, Metairie, for Russell D. Pulver & Rebecca S. Pulver.
William J. Wegmann, Jr., Orr Adams, Jr., Metairie, for Central Realty of La., Inc.
Cyril G. Lowe, Jr., New Orleans, for Michael Lawrence & 1st Lake Properties, Inc.
Geoffrey H. Longenecker, Covington, for Lafayette Insurance Company.
David C. Hesser, New Orleans, for Ray & Charlene Chatagnier, Exceptors.
Before CANNELLA and DALEY, JJ., and RICHARD J. GARVEY, J. Pro Tem.
DALEY, Judge.
This is an appeal from the decision of the trial court denying plaintiffs' request to certify this matter as a class action. For the reasons that follow, we affirm the trial court judgment.
This suit involves eight plaintiffs who were tenants in various apartment complexes owned by four entities or individuals, defendants 1st Lake Properties, Inc., Michael Lawrence, Central Realty of Louisiana, Inc. and Ray and Charlene Chatagnier. This suit was brought following the torrential rains of May 8, 1995 which caused widespread flooding in Jefferson Parish, including flooding to the individual apartments leased by the plaintiffs. The various plaintiffs seek damages allegedly suffered as a result of the flooding and subsequent actions or inactions by the defendants and seek certification as a class action for all similarly situated plaintiffs, estimated at between 700 to 1,000. They also request the court to confirm the named plaintiffs as representatives of the class of petitioners and to confirm the "defendants ... as the representatives of the class of defendants...." Defendants oppose class certification. The trial court refused to certify this matter as a class action and plaintiffs have appealed. We affirm.

STANDARD OF REVIEW
The trial court is afforded great discretion in class action certification. Elliott v. State, 619 So.2d 137 (La.App. 1 Cir. 1993). Wide latitude must be given the trial court in considerations involving policy matters and requiring an analysis of the facts under guidelines helpful to a determination of the appropriateness of a class action. Ellis v. Georgia-Pacific Corp., 550 So.2d 1310 (La.App. 1 Cir.1989); Terrebonne Bank & Trust Co. v. Lacombe, 510 So.2d 78 (La.App. 1st Cir.1987). Unless the trial court has committed manifest error, we must confirm the order. Ellis, supra;

CLASS CERTIFICATION
In determining whether to certify an action as a class action under Louisiana law, the following requirements are necessary:
1. A class so numerous that joinder is impracticable, and
2. The joinder as parties to the suit one or more persons who are
(a) members of the class, and
(b) so situated as to provide adequate representation for absent members of the class, and
3. A "common character" among the rights of the representatives of the class and the absent members of the class.
LSA C.C.P. Articles 591 and 592[1]; McCastle v. Rollins Environmental Services, 456 So.2d 612 (La.1984), State ex rel Guste v. General Motors Corp., 370 So.2d 477 (La. 1978) (on rehearing), Williams v. State, 350 So.2d 131 (La.1977), Stevens v. Board of Trustees, 309 So.2d 144 (La.1975); Rivera v. United Gas Pipeline Co., 613 So.2d 1152 *968 (La.App. 5 Cir.1993), Becnel v. United Gas Pipeline Co., 613 So.2d 1155 (La.App. 5 Cir. 1993) Olavarriette v. Tonti Properties, Inc., 658 So.2d 25 (La.App. 5th Cir.1995).
All three of the elements must be met for a class action to be appropriate and it is well settled that it is plaintiffs' burden to prove each element, by a preponderance of the evidence. Dumas v. Angus Chemical Co., 635 So.2d 446 (La.App. 2d Cir.1994) writ denied 640 So.2d 1349 (La.1994).
The first requirement, that the persons constituting the class are so numerous as to make joinder impracticable, is often referred to as "numerosity." The numerosity requirement is not met by simply alleging a large number of potential claimants. To establish numerosity, i.e., "a class so numerous that joinder is impracticable," a determination must be made on the facts and circumstances of each individual case. Farlough v. Smallwood, 524 So.2d 201 (La.App. 4th Cir.1988), writ denied. Although the identification of all potential class members is unnecessary, the party seeking certification should be able to establish a definable group of aggrieved persons.
The second requirement, "proper joinder," is to ensure adequate representation of the absent class members by requiring that one or more of the class members will represent the interests of the entire class adequately.
Third, plaintiffs must establish that a "common character" exists, that is, the questions of law or fact common to the members of the class predominate over any questions affecting only individual members. This requirement restricts the class action to those cases in which it would achieve economies of time, effort, and expense and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results. McCastle, supra. When a "common character" of rights exists, a class action is superior to other available adjudicatory methods for the purpose of promoting the basic aims and goals of a procedural device: (1) effectuating substantive law; (2) judicial efficiency; and (3) individual fairness. McCastle, supra; Guste v. General Motors Corp., supra; Williams v. State, supra; Stevens v. Board of Trustees, supra.
The fundamental objective of the class action device is the achievement of economies of time, effort and expense. Thus, it must be decided whether the intertwined goals of effectuating substantive law, judicial efficiency and individual fairness would be better served by some other procedural device.
In their petitions and at the hearing on class certification, plaintiffs allege there are potentially 700 to 1000 plaintiffs who are tenants in complexes owned by these defendants (and possibly owners of other rental units) who suffered damages as a result of the May flood. They allege defendants are liable under LSA C.C. Article 2697 or Article 2700 for failure of defendants to make timely repairs, prorate rents, return prepaid rents and security deposits and to allow the revocation of leases.
Civil code article 2697 provides:
Total or partial destruction of thing during lease
If, during the lease, the thing be totally destroyed by an unforseen [unforeseen] event, or it be taken for a purpose of public utility, the lease is at an end. If it be only destroyed in part, the lessee may either demand a diminution of the price, or a revocation of the lease. In neither case has he any claim of damages.
Civil code article 2700 provides:
Necessary repairs during lease
If, during the continuance of the lease, the thing leased should be in want of repairs, and if those repairs can not be postponed until the expiration of the lease, the tenant must suffer such repairs to be made, whatever be the inconvenience he undergoes thereby, and though he be deprived either totally or in part of the use of the thing leased to him during the making of the repairs. But in case such repairs should continue for a longer time than one month, the price of the rent shall be lessened in proportion to the time during which the repairs have continued, and to *969 the parts of the tenement for the use of which the lessee has thereby been deprived.
And the whole of the rent shall be remitted, if the repairs have been of such nature as to oblige the tenant to leave the house or the room and to take another house, while that which he had leased was repairing.
There are eight plaintiffs in this lawsuit. Five, Russell D. and Rebecca S. Pulver, Jaimie Leo Minor, Nagi Aboulenein and Taghrid Elmeliqui, Larry Lyons and Clark and Mary Dantzler have sued their landlord 1st Lake Properties, Inc. Bobby Williams sued his landlord Central Realty of Louisiana, Inc. Richard Rogers sued his landlord Michael Lawrence and Cynthia Bondi sued her landlord Ray and Charlene Chatagnier.
Despite plaintiffs' assertion that the class numbers approximately 700 to 1,000 people, the trial court found plaintiffs failed the numerousity test. We see no error in this ruling. The flood waters of May 8, 1995 had receded within days and, at the time of the hearing on November 17, 1995, no additional plaintiffs had been added or identified and plaintiffs did not offer evidence to establish the existence of additional plaintiffs. See Lailhengue v. Mobil Oil Co., 657 So.2d 542, 94-2114 La.App. 4 Cir. 6/7/95. The very nature of this claim would have identified all potential claimants as the damages were ascertainable by mid July 1995.
Additionally, plaintiffs did not introduced any evidence into the trial court proceeding to establish the numerousity requirement. Affidavits attached to memoranda are part of the record but not considered evidence. Hawes v. Hawes, 655 So.2d 357, 94-1088 (La.App. 1 Cir. 4/7/95). Jackson v. Gordon, 381 So.2d 520 (La.App. 1 Cir.1980). There is no evidence in the record to indicate that all of the tenants of these defendants, or even a substantial number of them, have been aggrieved following the flood. Olavarriette, supra. Plaintiffs have not sufficiently established that there exists a group of people over the eight named plaintiffs who were aggrieved by the flood and who desire to assert claims.
However, assuming the affidavits were admissible evidence and considered by the trial court, they still fail to establish the numerousity requirement. While the affidavits suggest a number of units were flooded, they fail to establish a definable group of people aggrieved by the flood and the actions or inactions of their landlord. Thus, we find no error in the trial court judgment that plaintiffs have failed to prove the numerousity requirement in order to maintain a class action. See Farlough v. Smallwood, supra.
The trial court also found no common character existed between member representatives and absent members because each lease contract would have to be ascertained and interpreted in order to rule on the claim of that individual. Furthermore, under the code articles which plaintiffs are seeking relief, each plaintiff would have an option to either "demand a diminution of the price or a revocation of the lease." Allowing a class action to proceed for this type action would bind all class members to the relief selected by the class representatives, whether that is the type of relief the individual class member in fact wanted. This is similar to the case of Caswell v. Reserve National Insurance Company, 234 So.2d 250 (La.App. 4th Cir.1970), writ refused, wherein the Fourth Circuit stated at page 257:
The alleged facts and circumstances presented in this case fail to meet the test of a true class action. The most that can be assumed from plaintiff Caswell's allegations is that there probably are other policyholders whose contract of insurance was on a printed form similar to that initially issued to him and that as to some of them the company might have exercised its option to refuse renewal or to renew with exclusion. The facts in each such case, if any, will differ in many respects and a judgment on Caswell's demands could not conceivably conclude the rights of other policyholders. At most they have a common interest in a question of law, a decision concerning which would have value as a judicial precedent only. All policyholders interested in the common question of law may join in Caswell's suit [against the same defendant], but they are not required *970 to do so. This might be categorized as a `spurious' class action, but it certainly is not a `true' class action authorized by LSA-C.C.P. art. 591.
See also Stoute v. Wagner & Brown, 637 So.2d 1199 (La.App. 1st Cir.1994).
Allowing a class action in this matter would clearly be contrary to the class action goals of judicial efficiency and individual fairness and would not be in the interests of justice for absent class members who could have an unwanted remedy forced upon them.
Finally, as alleged in the petitions filed, besides seeking revocation of leases, return of deposits and prorated portion of prepaid rents, certain, but not all named plaintiffs also seek damages unique to that individual. Of the eight named plaintiffs, the Pulvers seek the revocation of their lease, return of their deposit, a prorated portion of prepaid rent and loss of potential income. Minor and Nagi Aboulenein and Taghrid Elmeliqui seek a diminution of rent and allege repairs to the apartment "were insufficient, unsanitary, unhealthy, and not on accordance with good, sound, safe and sanitary standards and customs in the construction industry nor in accordance with rules, regulations and recommendations of the Jefferson Parish Inspection Department." Larry Lyons seeks diminution of rent, reimbursement of cleanup expense and damages from electrical shock he suffered during the flood. Clark and Mary Dantzler seek prorated rent for May 1995. Cynthia Bondi seeks return of her deposit, return of prorated rent, damages for wrongful eviction, slander, and intentional tortious interference from defendant Chatagnier. Richard Rogers seeks return of security deposit and prorated portion of prepaid rent. Bobby Williams seeks return of June and July rent (paid at the time the lease was entered into) and a prorated share of the May rent. Clearly the trial court was correct in finding there is no "common character" of the claims to warrant certification of the class action.
Appellants argue that class action is the most efficient legal vehicle to allow tenants whose leaseholds were affected by the May flood to seek relief from their landlords. This assertion ignores the fact that tenants and their leaseholds were damaged or inconvenienced in varying degrees by the natural disaster. Some leaseholds experienced no damage, some minor or incidental inconvenience and some major damage. To attempt to group all tenants in one class or even to attempt to create sub-classes would not promote efficiency or judicial economy. Certification of such a class would promote complicated lengthy legal embattlement. Traditionally, landlords and tenants have availed themselves of justice of the peace court or small claims court to resolve expeditiously and with minimum costs and fees issues of leaseholds and rent. Tenants who were aggrieved by a landlords action or inaction as a result of the May flood can efficiently and expeditiously assert and resolve a claim for a reduction in rent, return of deposit or termination of lease in these traditional forums. This court is not convinced that the procedural vehicle of class action would be more efficient or economical given the asserted facts and the lack of evidence in the record in support of appellants position. Accordingly, we agree with the trial court's refusal to certify this suit as a class action.
However, the trial court erred in dismissing the claim with prejudice. An amendment of the pleadings should be allowed to permit maintenance thereof as an ordinary proceeding on behalf of parties expressly named therein. LSA-C.C.P. Art 593.1. Accordingly, the judgment of the trial court is amended to allow the plaintiffs the opportunity to amend the petitions to proceed with this matter as an ordinary proceeding. In all other respects the trial court judgment is affirmed. This matter is remanded for further proceedings consistent with the views expressed herein. Plaintiffs to bear all costs of this appeal.
AMENDED AND AS AMENDED AFFIRMED AND REMANDED.
NOTES
[1] LA C.C.P. Art. 591. Prerequisites

A class action may be instituted when the persons constituting the class are so numerous as to make it impracticable for all of them to join or be joined as parties, and the character of the right sought to be enforced for or against the members of the class is:
(1) Common to all members of the class; or
(2) Secondary, in the sense that the owner of a primary right refuses to enforce it, and a member of the class thereby becomes entitled to enforce the right.
LA C.C.P. Art. 592, Representation
One or more members of a class, who will fairly insure the adequate representation of all members, may sue or be sued in a class action on behalf of all members.