695 So.2d 518 (1997)
Mona Bernard, wife of/and Larry BERNARD, et al.
v.
THIGPEN CONSTRUCTION COMPANY, INC., et al.
No. 96-CA-752.
Court of Appeal of Louisiana, Fifth Circuit.
April 29, 1997.
Order Denying Rehearing June 17, 1997.
*519 Jay C. Zainey, Ashley L. Belleau, Julie M. Lafargue, Special Assistant Attorney General, Lawrence J. Duplass, Danna Schwab, Metairie, for defendant-appellee.
Robert G. Creely, Stephen C. Grefer, Kenneth A. Goodwin, Gretna, Donald Foret, New Orleans, for plaintiffs-appellees.
Bruce D. Burglass, Christopher K. Tankersley, Metairie, for defendant-appellant.
Before GAUDIN, GOTHARD and CANNELLA, JJ.
GAUDIN, Judge.
This is an appeal by defendants Jefferson Parish, Thigpen Construction Company, Inc. and the State of Louisiana, Department of Transportation and Development, from a May 13, 1996 judgment of the 24th Judicial District Court certifying a class action within "... an area shown in white ..." on map exhibit "Jeff. # 1." With some concern, we affirm the judgment.
The plaintiffs contend that they sustained personal injury or property damage from rising waters which occurred on May 8, 9 and 10,1995.
Attorneys for these plaintiffs advised the court that they have over 1,200 contracts to represent persons damaged by the so-called May 8th flood.
The original petition seeking class action certification was filed on May 15,1995 by Mr. and Mrs. Larry Bernard "and on behalf of all others similarly situated" against Thigpen and the DOTD contending that the named defendants:
"... over the course of approximately a two and a half year time frame, have been engaged in road and drainage work and that the defendants caused one or more dams to be constructed in the Soniat Canal ...
"... as a result of the construction activities which caused a substantial and significant restriction of water flow in the Soniat Canal ... heavy rains were not able to drain from the River Ridge and Harahan areas ..."
Attached to the petition was a motion and order advising Thigpen and DOTD to show cause on June 22, 1995 why the case should not be certified as a class action. At that time, this case looked like a fairly routine class action. However, the rule was not heard on June 22, 1995. It was not heard until April 19,1996. Between June, 1995 and April, 1996, several procedural things happened to render this case complex and very difficult to manage.
On July 18, 1995, Thigpen filed an exception of no cause of action. The DOTD filed a like exception on August 1, 1995. On November 2, 1995, by way of a supplemental and amended petition, the Parish of Jefferson was added as a party defendant. A second supplemental and amended petition, filed March 20, 1996, listed specific reasons why the Parish of Jefferson was named a defendant, to wit:
(A) Failing to adequately monitor the number and scope of building permits issued in the area drained by the Soniat Canal and the various sub-canals draining into the Soniat Canal ...;
(B) Failing to adequately and timely adhere to the implementation agreements reached with the federal emergency management agency for improving the draining of the eastbank of Jefferson Parish..."
(C) Negligently failing to operate and maintain the Soniat Canal and the drainage system emptying into the Soniat Canal...;
(D) By failing to adequately perform and in failing to timely implement the East Jefferson Flood Reduction Study ...;
(E) Negligently performing its duties and responsibilities in carrying out the emergency plan to remove obstructions placed in the Soniat Canal by the defendants, Thigpen and/or the Department of Transportation and Development; and

*520 (F) By failing to require the defendants, Thigpen and/or the Department of Transportation and Development to reconstruct the Airline Highway bridge crossing over the Soniat Canal in such a fashion so as to not obstruct the flow of storm water drainage through the Soniat Canal and in failing to properly monitor the reconstruction of said bridge to ensure that no obstructions to storm water drainage were permitted during said reconstruction.
The record does not show that the Parish of Jefferson filed any exceptions other than an exception of vagueness, which was filed on December 1,1995.
When the rule to certify was heard, the trial judge heard testimony of various witnesses, including several who owned or rented homes or businesses in the flooded area near the Soniat Canal. The plaintiffs also called Michael Ports, a civil engineer and an expert in hydrology. The only witness called by the defendants was Herbert Miller, who was the executive assistant to the Parish President on May 8, 1995 and who was, at time of the hearing, the Parish's Director of Public Works.
The trial judge permitted testimony mostly on the area covered by flood and about the resulting damage but he would not allow hardly any testimony about causation, referring that issue, he said, to the merits of the case if class action was certified. Defining an area, however, was no simple task because some class action plaintiffs in one area might have a cause of action against Thigpen and/or the DOTD while other class action petitioners, in a different zone, might have a cause of action against the Parish because flood control programs were not implemented. In any event, the trial judge ruled that the white area in "Jeff. # 1" was to be included in the class action, an area of approximately 5,700 acres south of the Airline Highway, north of the Mississippi River and west of the City of Kenner. One expert witness (Miller) testified that slightly more than 12 inches of rain fell on this area in a six-hour period.
The plaintiffs were able to convince the trial judge that they suffered damages as a result of the May 8th flood and that they satisfied the three elements necessary[1] to proceed in a class action:
(1) the class is so numerous that joinder is impracticable,
(2) the joinder as parties to the suit of one or more persons who are (a) members of the class and (b) so situated as to provide adequate representation for absent members of the class and
(3) there is a "common character" among the rights of the representatives of the class and the absent members of the class.
The "common character" should be better ascertainable once causation for the high water is looked into and decided.
Although the procedural troubles facing this class action suit are apparent, we affirm the May 13, 1996 judgment because (1) a trial judge has great discretion and a decision to certify is not overturned absent manifest error and (2) the trial judge retains control of the proceeding and he can modify or even withdraw certification as the case develops, which could well happen here once causation is in focus. The record suggests that the May 8th flood could have been caused by the obstructions in the Soniat Canal, by the Parish's failure to act responsibly or by an act of God, or possibly by a combination of causes.
AFFIRMED. REMANDED FOR FURTHER PROCEEDINGS.

ORDER
These applications for rehearing are denied not because this Court is unaware of the problems stated in the rehearing applications. These concerns cannot be addressed now at the appellate level; they must be first handled in district court.
NOTES
[1] See Pulver v. 1st Lake Properties, Inc., 681 So.2d 965 (La.App. 5 Cir.1996), and many other cases dealing with class actions.