721 So.2d 41 (1998)
Michael JOHNSON, et al.
v.
E.I. DUPONT deNEMOURS & COMPANY, INC.
No. 98-CA-229.
Court of Appeal of Louisiana, Fifth Circuit.
October 14, 1998.
*42 Terrence K. Knister, Anne P. Birdsong, New Orleans, for Appellant E.I. Dupont de Nemours & Company.
Daniel E. Becnel, Jr., Darryl J. Becnel, Reserve, for Appellees Michael Johnson, et al.
Before GOTHARD, CANNELLA and DALEY, JJ.
CANNELLA, Judge.
In this class action, defendant, E.I. du Pont de Nemours and Company, Inc., appeals from a judgment certifying the class. We affirm.
This lawsuit arises from an explosion and release of alleged toxic fumes at defendant's facility in Reserve, Louisiana on August 9, 1994. On the same day, plaintiffs filed a Class Action Petition, alleging that there was a release of unknown chemicals at the du Pont Pontchartrain Works facility causing injury. The named plaintiffs are Michael J. Johnson, Sandra Johnson, Carol P. Lennix, Nathaniel Lennix, Louis Lennix, Jr., Brad Arceneaux and Ronald Arceneaux. On February 13, 1997, defendant filed a Motion for Denial of Class Certification. The hearing on defendant's motion was held on May 15, 1997. On July 9, 1997, the trial judge issued a partial judgment denying defendant's motion. The issue of the geographic boundary of the class was not ruled upon and the parties were ordered to submit briefs on the issue. On September 24, 1997, the trial judge rendered a judgment fully certifying the class and setting its geographic boundaries.
On appeal, defendant asserts that the trial judge erred in finding that the numerosity requirement for class certification was met.
Plaintiffs filed a Motion to Dismiss the Appeal on the basis that the judgment appealed from was a non-appealable interlocutory judgment and/or that it was untimely. Finding amended La.C.C.P. art.1915 applicable, we ordered the trial judge to comply with the article and consider certification of the judgments as appealable, in the absence of which, the appeal would be dismissed. The trial judge subsequently certified the matter as appealable. In conformity with a recent decision of this court, Berman v. De Chazal, 98-81(La. App. 5th Cir. 5/27/98), 717 So.2d 658, we reviewed the decision for correctness. We found the appeal proper on the basis that class certification issues are interlocutory judgments, appealable with a showing of irreparable injury. Carr v. GAG, Inc.,et al, 97-2325 (La.11/14/97), 702 So.2d 1384. We found that defendant met its burden in that respect and denied the Motion to Dismiss the appeal.
Defendant argues that the trial judge erred because the evidence shows that a fifty-five gallon drum containing mostly sawdust and only three to four gallons of waste paint ignited in an incinerator at the facility causing a "puff" of white smoke to be released from the incinerator. It contends that the incident lasted for ten to twenty seconds and the "puff" dissipated well before it reached defendant's property line. Defendant argues that no one reported anything unusual to the Sheriff's Department or Office of Civil Defense.
The trial judge established the class boundaries as follows:
That area of Reserve, Louisiana bounded on the East by the Eastern fence line of the Du Pont facility; on the South by the Northern bank of the Mississippi River; on the West by East 21st Street and on *43 the North by the Illinois Central Gulf Railroad tracks.
Defendant asserts that the number of persons who could possibly have been affected within the geographic boundaries is clearly limited and not so numerous as to make joinder impossible. Defendant contends that counsel for plaintiffs was able to contact the putative class members by mail, evidenced by the appearance of some three hundred people at the hearing, showing that the potential plaintiffs and class members are identifiable. Defendant concludes that the allegations of numerosity are speculative. Defendant cites Olavarriette v. Tonti Properties, Inc., 95-151 (La.App. 5th Cir. 6/28/95), 658 So.2d 25; Pulver v. 1st Lake Properties, 96-248 (La.App. 5th Cir. 9/18/96), 681 So.2d 965; Farlough v. Smallwood, 524 So.2d 201 (La.App. 4th Cir. 1988), writ denied, 526 So.2d 810 (La.1988); and Becnel v. United Gas Pipeline Company, 613 So.2d 1155 (La.App. 5th Cir.1993). Defendant points out that at the hearing, of the witnesses testifying, some had contacted plaintiffs' counsel directly, some had been signed up by persons canvassing the neighborhood with forms and some had never initiated contact with plaintiffs' counsel. By whatever means, plaintiffs have already identified all people allegedly injured in this case. Furthermore, approximately three hundred to three hundred sixty people have been identified in a neighborhood that is said to contain 300 residents. Thus, there is no need for a class certification.
In response, plaintiffs argue that the trial judge correctly certified the class and that the decision should not be overturned in the absence of manifest error. Plaintiffs note that the trial judge is given wide latitude in certification decisions because class action proceedings are always subject to modification or recall, should later developments require. Plaintiffs contend that no particular number triggers a class. In addition, joinder need only be impractical, not impossible. The evidence shows that the witnesses called by plaintiffs live in the geographic area and had signed contracts with plaintiffs' counsel years before they were sent letters. Nonetheless, the witnesses testified to hearing, and in some cases, feeling the explosion, smelling a bad odor, being irritated and/or nauseated by the fumes, and in some cases, speaking to or being contacted by defendant's representatives. The witnesses testified that a general meeting was considered but never held because the residents individually decided to put the problem in the hands of counsel. Plaintiffs assert that, in court during the hearing, there were over three hundred sixty residents of the immediate neighborhood ready and waiting to testify. However, plaintiffs argue that even if their counsel were able to contact most of the people in the class area, the mere ability to do so does not mean that joinder is impractical. They cite cases upholding certifications where there were hundreds or thousands of named plaintiffs that could have been contacted. See: Cotton v. Gaylord Container, 96-1958 (La.App. 1st Cir. 3/27/97), 691 So.2d 760; Clement v. Occidental Chemical Corporation, 97-246 (La.App. 5th Cir. 9/17/97), 699 So.2d 1110; Richardson v. American Cyanamid Company, 95-898 (La.App. 5th Cir. 4/16/96), 672 So.2d 1161; Rivera v. United Gas Pipeline Company, 613 So.2d 1152 (La. App. 5th Cir.1993). Plaintiffs distinguish the cases cited by defendant.
In Clement v. Occidental Chemical Corp., 699 So.2d at 1113-1114, this court stated:
In determining whether to certify an action as a class action under Louisiana law, the following requirements are necessary:
1. A class so numerous that joinder is impracticable, and
2. The joinder as parties to the suit one or more persons who are
(a) members of the class, and
(b) so situated as to provide adequate representation for absent members of the class, and
3. A "common character" among the rights of the representatives of the class and the absent members of the class.
LSA C.C.P. Articles 591 and 592; McCastle v. Rollins Environmental Services, 456 So.2d 612 (La.1984); citing State ex rel. Guste v. General Motors Corp., 370 So.2d 477 (La.1978) (on rehearing); Williams v. State, 350 So.2d 131 (La.1977); Stevens v. Board of Trustees, 309 So.2d *44 144 (La.1975). See also Rivera v. United Gas Pipeline Co., 613 So.2d 1152 (La.App. 5th Cir.1993); Becnel v. United Gas Pipeline Co., 613 So.2d 1155 (La.App. 5th Cir. 1993); Olavarriette v. Tonti Properties, Inc., 95-151 (La.App. 5th Cir. 6/28/95), 658 So.2d 25.
All three of the elements must be met for a class action to be appropriate and it is well settled that it is plaintiffs' burden to prove each element, by a preponderance of the evidence. Dumas v. Angus Chemical Co., 25,632 (La.App. 2nd Cir. 3/30/94), 635 So.2d 446, writ denied 640 So.2d 1349 (La. 1994).
The first requirement, that the persons constituting the class are so numerous as to make joinder impracticable, is often referred to as "numerosity". The numerosity requirement is not met by simply alleging a large number of potential claimants. To establish numerosity, i.e., "a class so numerous that joinder is impracticable", a determination must be made on the facts and circumstances of each individual case. Farlough v. Smallwood, 524 So.2d 201 (La. App. 4th Cir.1988), writ denied, 526 So.2d 810 (La.1988). Although the identification of all potential class members is unnecessary, the party seeking certification should be able to establish a definable group of aggrieved persons.
The second requirement, "proper joinder," is to ensure adequate representation of the absent class members by requiring that one or more of the class members will represent the interests of the entire class adequately.
Third, plaintiffs must establish that a "common character" exists, that is, the questions of law or fact common to the members of the class predominate over any questions affecting only individual members. This requirement restricts the class action to those cases in which it would achieve economies of time, effort, and expense and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results. McCastle, supra. When a "common character" of rights exists, a class action is superior to other available adjudicatory methods for the purpose of promoting the basic aims and goals of a procedural device: (1) effectuating substantive law; (2) judicial efficiency; and (3) individual fairness. McCastle, supra; Guste, supra; Williams, supra; Stevens, supra.
In this case, the evidence shows that three hundred sixty people appeared at the trial of the motion. The trial judge determined that they would have testified essentially the same as the witnesses who did testify. These potential claimants live in the geographic area of the class. However, those people were found by plaintiffs' counsel and informed of the hearing by letter.
In Rivera v. United Gas Pipeline Company, 613 So.2d at 1154, we stated:
The fundamental objective of the class action device is the achievement of economies of time, effort and expense. Thus, it must be decided whether the intertwined goals of effectuating substantive law, judicial efficiency and individual fairness would be better served by class action or some other procedural device such as consolidation.
If there is to be an error made, it should be in favor of maintaining the class action. Rivera v. United Gas Pipeline Company, 613 So.2d at 1154; McCastle v. Rollins Environmental Services, 456 So.2d at 620. That is because the class is always subject to modification should later developments during the course of the proceedings require. Rivera v. United Gas Pipeline Company, 613 So.2d at 1154; McCastle v. Rollins Environmental Services, 456 So.2d at 620. In addition, number alone is not controlling. Other factors to be considered in deciding the numerosity issue are judicial economy in avoiding multiplicity of lawsuits, geographic disbursement of class members, size of individual claims, the financial resources of class members, the ability of claimants to institute individual suits and requests for injunctive relief which would involve future class members. Newberg on Class Actions, Third Edition, Vol. 1, § 3.06, p. 3-27.
In this case, the economies of unitary adjudication are in favor of permitting the class. *45 The witnesses and members of the class are in the same vicinity and the main issues in all claims are the same. The class will facilitate a prompt, efficient and relatively inexpensive single trial on the common liability issue.
Accordingly, the judgment of the trial court certifying the class action is hereby affirmed. Costs of appeal are assessed against defendant.
AFFIRMED.