715 So.2d 168 (1998)
Elmer C. FELDHEIM, et al.
v.
SI-SIFH CORP., et al.
No. 97-CA-875.
Court of Appeal of Louisiana, Fifth Circuit.
June 30, 1998.
*169 Stephen B. Murray, Robert J. Diliberto, New Orleans, Daniel E. Becnel, Jr., Reserve, William W. Hall, Metairie, for Plaintiffs/Appellants.
William J. Hamlin, New Orleans, William P. Connick, Metairie, Victor L. Marcello, Gonzales, Robert H. Klonoff, Gregory A. Castanias, Washington, DC, for Defendants/Appellees.
Before GAUDIN, CANNELLA and DALEY, JJ.
DALEY, Judge.
Plaintiffs appeal the trial court's granting of the Exception of No Cause of Action dismissing the class elements of their petition and the denial of their Motion to Compel Discovery. For the reasons stated we affirm in part, reverse in part, and remand.

PROCEDURAL HISTORY:
Owners and beneficiaries of pre-need funeral insurance policies filed a class action petition seeking to require defendant insurance companies and funeral home operators to honor funeral insurance contracts and for damages, attorney fees and costs. The original petition names four individual plaintiffs and two sub classes. Sub Class A is defined to include heirs of deceased individuals who acquired and utilized pre-need funeral insurance. Sub Class B is defined to include individuals who have purchased, but have not yet utilized, pre-need funeral insurance. Four corporations are named as defendants. The defendants are engaged in the business of selling pre-need funeral insurance policies or in the business of operating funeral homes and cemeteries. The petition alleges that the defendant insurance companies conspired with the defendant funeral home operators to avoid payment of entitled benefits under the pre-need funeral insurance policies.
The original petition in this matter alleged six specific causes of action:
I. Breach of contract;
II. Negligent omission of material information;
III. Fraud in the inducement by omission;
IV. Unfair trade practices in violation of Louisiana Insurance Code;
V. Violation of Louisiana Unfair Trade Practice Law; and
VI. Declaratory Judgment.
*170 Notice of 1442 depositions were sent to all defendants on February 25, 1997. A First Supplemental and Amended Petition was filed on April 11, 1997 and a Second Supplemental and Amended Petition was filed on June 5, 1997. The amendments substitute a named plaintiff, strike Count IV of the original petition, and limit the proposed class to individuals who purchased funeral insurance policies from defendants in Louisiana. The defendants filed a series of dilatory and peremptory exceptions: Exception of No Cause of Action, Exception of No Right of Action, Exception of Prescription, and Exception of Vagueness. Defendants' Exceptions were set for hearing on June 10, 1997. On May 20, 1997, defendants sought to stay all discovery pending a ruling on their exceptions. On June 5, 1997, plaintiffs filed a Motion to Compel Discovery. The hearing on the Exceptions and the Motion to Compel were set for the same day.
After a hearing the district court granted defendants' Peremptory Exception of No Cause of Action holding that a class action would be inappropriate and unmanageable, because individual issues would predominate over any common ones. In reaching this decision the court evaluated several burial insurance contracts that plaintiffs had submitted to the court and concluded that "a simple review of the contracts ... revealed that there are differences among the terms of the contracts." The court also denied plaintiffs' Motion to Compel, finding that no amount of pre-certification discovery "would preclude the need for multiple mini trials if a class were certified". Plaintiffs then sought and obtained a suspensive appeal from the trial court's decision.
The Judgment granting the Peremptory Exception of No Cause of Action was signed on June 13, 1997 with accompanying Reasons for Judgment. On September 26, 1997, plaintiffs filed a Third Supplemental and Amended Petition in which they sought to eliminate Sub Class A of plaintiffs' petition and eliminate Counts I through V of their original petition. On October 8, 1997, the trial judge struck plaintiffs' Third Supplemental and Amended Petition. Plaintiffs took writs to this court, alleging that the trial court erred in striking the Third Supplemental and Amended Petition. Elmer C. Feldheim, et als. v. Si-Sifh Corporations, et al., No. 97-C-1110, writ denied 2/5/98. This Court denied the Writ Application, finding that the trial court correctly struck the Third Supplemental and Amended Petition since plaintiffs sought to post-facto voluntarily dismiss matters which were judicially determined and on appeal.
On appeal, plaintiffs/appellants do not seek review of the trial court's granting of the Exception of No Cause of Action as to Sub Class A. With regard to Sub Class B, plaintiffs/appellants have represented that they are not seeking review of the trial court's decision to grant the Exception of No Cause of Action for Class Certification as to Counts I through V, leaving on appeal the limited question of whether or not the trial court abused its discretion in granting the Exception of No Cause of Action for Class Certification as to Count VI, Declaratory Judgment, as to Sub Class B (owners of pre-need funeral insurance policies who have not died yet).

ASSIGNMENTS OF ERROR:
The six count multi sub-class petition filed with the trial court presents a much different legal landscape then the single count single class declaratory judgment relief now requested by plaintiffs' counsel on appeal. The trial judge must evaluate a case as presented and an appellate court must consider the case in the context presented to the trial court. Unfortunately, plaintiffs/appellants did not narrow and simplify their pleadings prior to the hearing on the exceptions.
Plaintiffs/appellants assert in brief six assignments of error. First, appellants raise a procedural challenge to the use of the Exception of No Cause of Action to defeat its class action standing. The second, third, fourth and fifth assignments of error deal with certification issues. The plaintiffs/appellants challenge both the legal methodology utilized by the judge in determining class status and the factual findings of the trial court with regard to lack of commonality. Appellant challenges the trial court's decertification of the class, claiming the trial court erred in factually finding that "plaintiffs' claims are *171 inherently individual in nature." Appellants additionally assert that the trial judge erred in not conducting a proper evidentiary hearing. The sixth assignment of error asserts that the trial judge erred in not allowing plaintiffs to engage in pre-certification discovery.

ANALYSIS:
Plaintiffs/appellants claim that the trial court erred in granting defendants' Exception of No Cause of Action for Class Certification, alleging that the Peremptory Exception of No Cause of Action is not an appropriate vehicle to raise the issue of non-availability of class action device. Appellants cite Stevens v. The Board of Trustees, 309 So.2d 144, 152 (La.1975) in support of their position. Ironically, Justice Tate in Stevens found that the proper defense to the use of class action as a procedural device is a peremptory exception. While traditionally the exception urging no cause of action must be determined on the face of the pleadings, the peremptory exception in a class action context "need not be heard on the pleadings alone." Stevens, supra.
LSA-Code of Civil Procedure Art. 592 now sets forth specific procedures for class certification requiring the proponent of a class to file a Motion to Certify within ninety (90) days of service on all parties. Prior to the 1997 amendments to Article 592, the Peremptory Exception of No Cause of Action was an appropriate vehicle for the defendant to challenge plaintiffs' use of the class action procedural device. The trial judge based her ruling on the pleadings and the contracts attached to the petition. Appellants argue that since the pleadings allege commonality, the court, when considering the Exception of No Cause of Action, is bound by the pleadings. The submitted contracts are part of the pleadings and have variations in terms. The trial court's reliance on the contract language as a basis for the ruling on the Exception is permissible. Thus, plaintiffs/appellants' first assignment of error lacks merit.
Appellants next challenge the trial court's methodology in determining the class status and the trial court's factual determination that "there is no commonality" finding that "the plaintiffs' claims are inherently individual in nature."
Our standard of review in a class action certification is to afford the trial court great discretion. Clement v. Occidental Chemical Corp., 97-246 (La.App. 5th Cir. 9/17/97), 699 So.2d 1110; Pulver v. 1st Lake Properties, Inc., 96-248 (La.App. 5th Cir. 9/18/96), 681 So.2d 965. Unless the trial court has committed manifest error, we must affirm the order. Clement, supra; Pulver, supra.
In determining whether to certify an action as a class action under Louisiana law, the following requirements are necessary:
1. A class so numerous that joinder is impracticable, and
2. The joinder as parties to the suit one or more persons who are:
(a) members of the class, and
(b) so situated as to provide adequate representation for absent members of the class, and
3. A "common character" among the rights of the representatives of the class and the absent members of the class.
La. C.C.P. arts. 591 and 592; Clement, supra; Pulver, supra; citing McCastle v. Rollins Environmental Services, 456 So.2d 612 (La.1984). All three of the elements must be met and it is well settled that it is plaintiff's burden to prove each element, by a preponderance of the evidence. Clement, supra.
The legal requirement in dispute in this case is "common character." Do questions of law or fact common to the members of the class predominate over any questions affecting only individual members? Clement, supra. The mere fact that varying degrees of damages may result from the same factual transactions and same legal relationship does not defeat a class action. Clement, supra (citing In State ex rel. Guste v. General Motors Corp., 370 So.2d 477 (La.1978) (on rehearing)). Appellants assert in the instant case, the "common character" is the right of the burial policyholder to select a casket of *172 his/her choice without forfeiting the benefits described in the policy.
Based on our reading of the Reasons for Judgment the trial judge's legal reasoning or methodology appears correct. The trial court determined that this is a contract case and that,
"individual issues predominate under these contracts which would make a class action unmanageable. A simple review of the contracts appended to the petition reveal that there are differences among the terms of the contract."
In Caswell v. Reserve National Insurance Company, 234 So.2d 250 (La.App. 4 Cir. 1970), plaintiff sought to bring a class action for and on behalf of all policyholders of health and accident insurance policies issued by the defendant. The principal issue on appeal was the right of plaintiff to bring a class action on behalf of all policyholders. The 4th Circuit determined that the denial of class status was appropriate when,
"The facts in each such case, will differ in many respects and a judgment on Caswell's demands could not conceivably conclude the rights of other policy holders. At most they have a common interest in a question of law, a decision concerning which would have value as a judicial precedent."
In the instant case given the multiple counts petition, which raises issues of breach of contract, negligent omission, fraud in the inducement and violation of Unfair Trade Practice Law, we cannot say that the trial court abused her discretion in finding that individual issues predominate over common issues.
The appellants argue in support of their position on commonality that the right to select a different casket without forfeiture of benefits is now available to all burial insurance policyholders as clarified by defendants' "Funeral Service Policy Explanation Acknowledgment, Option C", which was circulated to policyholders after suit was filed and for which plaintiffs' counsel claims credit. During oral argument, this court asked appellants' counsel, if the "Policy Explanation Acknowledgment" now allows substitution of caskets without forfeiture, why is a declaratory judgment necessary? Counsel responded that a declaratory judgment is more enforceable than a policy acknowledgment, which could be subject to change. We view the "Funeral Service Policy Explanation Acknowledgment" as an admission that voluntarily grants the relief requested by the Declaratory Judgment suit.
Appellants assert that they were not allowed a proper evidentiary hearing on the Exception of No Cause of Action. At the hearing on June 10, plaintiffs' counsel did not seek to introduce any evidence or call any witnesses. Plaintiffs' counsel did argue that they could not proceed without discovery, but no motion to continue the hearing on the exceptions was filed by plaintiffs. Plaintiffs have the burden of proof to establish class certification requirements. The transcript of the hearing does not contain any requests by plaintiffs' counsel to submit additional evidence. Absent a formal request to submit evidence, take testimony, or continue the hearing on the exceptions pending discovery, the trial court did not err in failing to conduct an evidentiary hearing.
However, appellants correctly point out that the trial court's Reasons for Judgment incorrectly state that "the amended petition deleted the allegations of Count VI of the petition." The record is clear that Count IV, Unfair Trade Practices in Violation of Louisiana Insurance Code, was deleted from the petition and not Count VI, Declaratory Judgment.
Since the trial Judge's reasons indicate she did not consider the validity of class procedure with regard to Count VI, Declaratory Judgment as to Sub Class B, the matter is remanded for hearing on that issue. The hearing shall be governed by the requirements of C.C.P. Art. 592 and the certification issue will be controlled by the requirements of Art. 591 as amended.
The Judgment of the trial court to the extent that it granted the Exception of No Cause of Action as to Count VI for Sub Class B is reversed and remanded for hearing. The Judgment to the extent that it dismissed Counts I through VI as to Sub Class A and *173 Counts I through V as to Sub Class B is affirmed. When reviewing the class status on remand the trial court should consider defendants' "Funeral Service Policy Explanation Acknowledgment, Option C", which appears to offer the relief requested in the Declaratory Judgment Count VI by agreeing to allow substitute caskets under the funeral insurance policies.
With regard to pre-certification discovery, Art. 592(3) now controls and states that the hearing certification shall be held as soon as practicable, but in no event before ... "(ii) The parties have had a reasonable opportunity to obtain discovery on class certification issues, on such terms and conditions as the Court deems necessary." This Court has reviewed plaintiffs' proposed discovery and finds it to be over broad. Much of it applies to non-certification issues. Plaintiffs may refile pre-certification discovery. If defendants object to discovery, the trial court shall determine what pre-certification discovery it deems necessary and establish an expedited time frame for that discovery.
The judgment granting the Peremptory Exception of No Cause of Action is affirmed in part, reversed in part, and the matter remanded.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.