726 So.2d 438 (1999)
Lloyd E. DUFFY, Sr., Audrey B. Blanco, Joseph T. Blanco, et al.
v.
SI-SIFH CORP., Si-Si Insurance Company, Inc., et al.
No. 98-C-1400
Court of Appeal of Louisiana, Fourth Circuit.
January 9, 1999.
*439 Stephen B. Murray, Robert J. Diliberto, Murray Law Firm, New Orleans, LA, and Daniel E. Becnel, Jr., Becnel, Landry & Becnel, Reserve, LA, and William W. Hall, Metairie, LA, Counsel for Plaintiffs/Respondents.
Victor L. Marcello, Talbot, Carmouche & Marcello, Gonzales LA, and William P. Connick, Connick, Lentini, Wimberly & Delaup, Metairie, LA, and Robert H. Klonoff, Gregory A. Castanias, Jones, Day, Reavis & Pogue, Washington, D.C., and William J. Hamlin, Bordelon, Hamlin & Theriot, New Orleans, LA, and Edwin R. Murray, Murray, Darnell & Associates, LLC, New Orleans, LA, and Roy J. Rodney, Jr., Rodney, Bordenave, Boykih, Bennette & Boyle, New Orleans, LA, and R. Bruce MacMurdo, Steffes & MacMurdo, Baton Rouge, LA, Counsel for Defendants/Appellants.
Court composed of Chief Judge PATRICK M. SCHOTT, Judge DENIS A. BARRY, Judge STEVEN R. PLOTKIN.
PLOTKIN, Judge.
Defendants Si-Sifh Corp., Si-Si Insurance Co., Loewen Louisiana Holding, Inc., and The Loewen Group International, Inc. (hereinafter referred to collectively as "Si-Sifh") seek supervisory review of a trial court judgment overruling their peremptory exceptions of res judicata and no cause of action, allowing discovery to proceed in this class action. We grant supervisory writs, reverse the trial court judgment overruling the exception of res judicata, maintain the exception of res judicata, and dismiss the action.

Facts
Plaintiffs filed suit on behalf of themselves and others similarly situated, described generally as all known persons and entities who presently reside in the United States of America that purchased in the State of Louisiana funeral policies that were aggressively marketed and sold by Si-Sifh. The petition subdivided the class into two sub-classes: (1) "Sub Class A," a class of living heirs and/ or beneficiaries of deceased insureds under burial insurance policies allegedly not honored by Si-Sifh, for which plaintiffs sought monetary relief, and (2) "Sub Class B," a class of living insureds currently holding burial insurance policies issued by Si-Sifh for whom plaintiffs sought a declaratory judgment. The latter class was subsequently dismissed by the plaintiffs.
In their petition, plaintiffs asserted five causes of action: (1) breach of contract; (2) negligent omission of material information; (3) fraud in the inducement by omission; (4) violation of Louisiana's Unfair Trade Practices Act, La. R.S. 51:1401, et seq.; and (5) a claim for declaratory relief, brought solely on behalf of the now dismissed "Sub Class B." The facts that gave rise to these claims may be summarized as follows: (1) that the policies provided an inferior casket; (2) that the benefits of the policy were forfeited if the *440 policyholder chose another casket, and (3) that the policyholder who chose another casket was refunded the face amount of the policy, an amount far less than the benefits that the policies pretended to cover. After suit was filed, the policyholders were sent a "Funeral Service Policy Explanation Acknowledgement, Option `C'," which allowed them to choose another casket.
Si-Sifh filed an exception of res judicata, claiming that an identical class action suit previously filed in Jefferson Parish had been dismissed by the Twenty-Fourth Judicial District Court (hereinafter "24th JDC") as a result of a judgment maintaining a peremptory exception of no cause of action to plaintiffs' use of the class action device; that judgment was affirmed by the Louisiana Fifth Circuit Court of Appeal. Feldheim v. Si-Sifh Corp., 97-875 (La.App. 5 Cir. 6/30/98), 715 So.2d 168. Si-Sifh also filed an exception of no cause of action arguing, as they did in the Jefferson Parish case, that the case was not appropriate for a class action. The trial court overruled both the exception of res judicata and the exception of no cause of action, ruling that discovery should proceed. Concerning the exception of res judicata, the trial court simply stated that "I think the law is pretty clear that res judicata does not apply in this case," without giving any reasons for that conclusion. Concerning the exception of no cause of action, the trial judge noted that the "plaintiff is frightfully close to not having a class action," but nevertheless overruled the exception until she had an opportunity to review the policies after completion of discovery. Si-Sifh seeks this court's supervisory jurisdiction to review the trial court's overruling of both exceptions.

RES JUDICATA
According to LSA-R.S. 13:4231, a "valid and final judgment is conclusive between the same parties" if certain requirements are met. Louisiana's res judicata doctrine bars relitigation of both claims and issues arising out of the same factual circumstances if there is a valid final judgment. Ansalve v. State Farm Mutual Automobile Insurance Co., 95-0211, p. 8 (La.App. 4 Cir. 2/15/96), 669 So.2d 1328, 1333. Accordingly, the threshold question faced by this court in deciding whether the trial court properly overruled the exception of res judicata in this case is whether the judgment in Feldheim, which was affirmed by the Fifth Circuit, is a final judgment.

Characterization of judgment
Generally, a judgment maintaining a peremptory exception of no cause of action is considered a final judgment; however, this court has held that that rule does not apply unless the judgment unconditionally dismisses the suit. Oster v. Oster, 563 So.2d 490, 491 (La.App. 4 Cir.), writ denied, 568 So.2d 1059 (La.1990). On the other hand, this court has previously held that a judgment refusing to certify a proceeding as a class action is an interlocutory judgment. See Apolinar v. Professional Construction Services, Inc., 96-1492, p. 4 (La.App. 4 Cir. 5/7/97), 694 So.2d 537, 540, rev'd, 97-1490 (La.9/26/97), 701 So.2d 964. In the instant case, the 24th JDC granted an exception of no cause of action, which would ordinarily be a final judgment; however, the effect of that decision was to refuse to certify a class action, which would ordinarily be an interlocutory judgment.
The Fifth Circuit decision in Feldheim, which affirmed the 24th JDC judgment maintaining the exception of no cause of action, specifically addresses whether an exception of no cause of action is the proper procedural device for raising the issue of non-availability of the class action device. The court stated as follows:
Appellants cite Stevens v. The Board of Trustees, 309 So.2d 144, 152 (La.1975) in support of their position. Ironically, Justice Tate in Stevens found that the proper defense to the use of class action as a procedural device is a peremptory exception. While traditionally the exception urging no cause of action must be determined on the face of the pleadings, the peremptory exception in a class action context "need not be heard on the pleadings alone." Stevens, supra.

LSA-Code of Civil Procedure Art. 592 now sets forth specific procedures for class *441 certification requiring the proponent of a class to file a Motion to Certify within ninety (90) days of service on all parties. Prior to the 1997 amendments to Article 592, the Peremptory Exception of No Cause of Action was an appropriate vehicle for the defendant to challenge plaintiffs' use of the class action procedural device. The trial judge based her ruling on the pleadings and the contracts attached to the petition. Appellants argue that since the pleadings allege commonality, the court, when considering the Exception of No Cause of Action, is bound by the pleadings. The submitted contracts are part of the pleadings and have variations in terms. The trial court's reliance on the contract language as a basis for the ruling on the Exception is permissible. Thus, plaintiffs/appellants' first assignment of error lacks merit.
Id. at 6, 715 So.2d at 171. The Louisiana Fifth Circuit held that an exception of no cause of action is the proper procedural device for raising the issue of non-availability of a class action.[1] Further, the Fifth Circuit's decision is final because no writs have been requested in the Louisiana Supreme Court.
The only remaining question is whether the judgment maintaining the exception of no cause of action "unconditionally dismisse[d] the suit." Oster, 563 So.2d at 491. That question is not addressed by the Fifth Circuit's opinion. However, a close reading of the decree in the appellate court judgment indicates that the class action was unconditionally dismissed as to the plaintiffs in Sub-Class A, which are the only plaintiffs before the court in the instant case. The Fifth Circuit reversed the decision of the 24th JDC concerning the claims asserted by Sub-Class B; however, that sub-class has already been dismissed by the plaintiffs in the instant suit. The language of the Fifth Circuit's opinion suggests that the individual suits of the named plaintiffs perhaps were not dismissed.
Considering all of the above facts and circumstances, as well as the equities presented by the instant case (as further outlined below), we find that the judgment in Feldheim granting the exception of no cause of action was a final judgment for purposes of the res judicata doctrine.

Application of res judicata law
The res judicata statute, La. R.S. 13:4231, was amended effective January 1, 1991, to provide as follows:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment;
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of the final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action;
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
Act 521 of the 1990 regular session of the Louisiana Legislature revised Louisiana's laws pertaining to res judicata. The amended law applies to the instant case because the petition in the Feldheim suit was filed subsequent to the effective date of the act. Accordingly, the law cited by the plaintiffs in their opposition to the application for supervisory writs, which interprets the prior version of LSA-R.S. 13:4231, is not applicable to this case. The plaintiffs claim that the judgment in Feldheim is not res judicata to the instant case because the named parties are *442 different, and because the judgment was not a judgment on the merits.
Under the express provisions of LSA-R.S. 13:4231(3), "[a] judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment." The prior law concerning res judicata was very narrow; actions were barred if "the plaintiff sought the same relief based on the same cause or grounds." Morris v. Haas, 95-75 (La.App. 5 Cir. 5/30/95), 659 So.2d 804, 810, writs denied, 95-2519, 95-2545 (La.12/15/95), 664 So.2d 441. However, the amendment constitutes a substantial change in the law. Id. According to the Official Comments to LSA-R.S. 13:4231, the new law provides a broader application of res judicata, the purpose being to foster judicial efficiency and also to protect the defendant from multiple lawsuits. Id.
In Terrebonne Fuel & Lube, Inc. v. Placid Refining Company, 95-0654 c/w 95-0671 (La.1/16/96), 666 So.2d 624, the Louisiana Supreme Court explained the amended law on res judicata as follows:
Res judicata is an issue preclusion device found both in federal law and in state law. Prior to the amendments to Louisiana res judicata law effective in 1991, Louisiana law on res judicata was substantially narrower than federal law. The purpose of both federal and state law on res judicata is essentially the same; to promote judicial efficiency and final resolution of disputes by preventing needless relitigation. As explained by former Chief Justice John A. Dixon, Jr.,
It is implicit in the concept of a judicial system that controversies be finally resolved so that parties may enjoy their rights and so that conflicting legal obligations may not be imposed on an individual; litigation must end at some point. Precluding relitigation prevents inefficient use of the courts' resources, reduces the possibility of harassment through vexatious suits, and helps maintain respect for the judicial proceeds by guarding against inconsistent decisions. Dixon, Booksh, Zimmering, Res Judicata in Louisiana since Hope v. Madison, 51 Tul.L.Rev. 611 (1977), footnotes in quotation omitted.
Under common law, the doctrine of res judicata focuses on "extinguishment" of the cause of action. A plaintiff's cause of action "merges" into a judgment for plaintiff, whereas a judgment for defendant "bars" relitigation of the cause of action, which is considered to be extinguished. "Since the cause of action is extinguished by the lawsuit, res judicata precludes litigation of not only that which was pleaded but also any issue which might have been pleaded with regard to that cause of action." Arbour, The Louisiana Concept of Res Judicata, 34 La.L.Rev. 763, 764 (1974).
Conversely, the original Louisiana doctrine of res judicata was based on a presumption of correctness rather than an extinguishment of the cause of action. Id. A decided case precluded a second suit only if it involved the same parties, the same cause and the same object of demand as the prior suit. Id. However, under La.R.S. 13:4231, as amended in 1990 effective January 1, 1991, a second action would be barred because it arises out of the occurrence which was the subject matter of the prior litigation. The central inquiry is not whether the second action is based on the same cause or cause of action (a concept which is difficult to define) but whether the second action asserts a cause of action which arises out of the transaction or occurrence which was the subject matter of the first action. This serves the purpose of judicial economy and fairness by requiring the plaintiff to seek all relief and to assert all rights which arise out of the same transaction or occurrence.
See Comments1990, La.R.S. 13:4231, emphasis added.
Id. at 11-12, 666 So.2d at 631-632.
The instant suit and the Feldheim suit against the same defendants unquestionably arise out of the same transaction or occurrence. In fact, except for the names of the proposed class representatives, and some changes made to reflect modification of the Feldheim petition by supplemental and *443 amended petitions, the petitions in the two cases are virtually identical. The two petitions were also filed by the same attorneys. There can be no real dispute that the second action "asserts a cause of action which arises out of the transaction or occurrence which was the subject matter of the first action." Id.
The plaintiffs claim, however, that the trial court correctly overruled the exception of res judicata because the named plaintiffs are not identically the same in this suit and the Feldheim case. Nothing in the new law indicates that "identity of parties" is no longer a requirement for a finding of res judicata. Morris, 659 So.2d at 810. The plaintiffs claim that the Feldheim action cannot be considered to bar their actions because none of the named plaintiffs in the instant case were named plaintiffs in the Feldheim case. Thus, this court must determine whether an identity of parties exists between the two cases.
"Identity of parties does not mean the parties must be the same physical or material parties, but they must appear in the suit in the same quality or capacity." Morris, 659 So.2d at 810; Lastie v. Warden, 611 So.2d 721, 723 (La.App. 4 Cir.1992), writ denied, 614 So.2d 64 (La.1993). The only requirement is that the parties be the same "in the legal sense of the word." Id. Under that definition, an identity of parties exists between the two cases. The named plaintiffs in each case are the proposed class representatives for the exact same class of people, since the definitions of the class as alleged are identical in the two cases. Thus, the parties are the same in the legal sense of the word.
The plaintiffs focus on the fact that the named plaintiffs are different, coupled with the fact that the class was never certified in Feldheim. Because the class has never been certified, they argue, the named plaintiffs in the Feldheim case cannot be considered to have represented the named plaintiffs in the instant case. However, the plaintiffs fail to acknowledge the reality of the facts of this case. The "party plaintiffs" in the Feldheim case are all the members of the defined class; the "party plaintiffs" in the instant case are the very same people. The fact that different proposed representatives filed suit in the instant case does not affect that analysis. Thus, we find that the identity of parties requirement for a class action is present.
Nothing in the Feldheim decision or the decision of this court in the instant case affects the rights of the individual plaintiffs who filed the instant suit; those individual plaintiffs still have a right to assert a cause of action for their losses. However, allowing the plaintiffs to relitigate the class action question in the instant case would encourage forum shopping, allowing the plaintiffs numerous "bites" at the class action "apple," and frustrate the purposes of the res judicata doctrine.[2]

CONCLUSION
Accordingly, the trial court judgment overruling the exception of res judicata is reversed, the exception of res judicata is maintained, and the class action is dismissed. Because we have dismissed the suit on res judicata, we pretermit discussion of the class action issues raised by the parties.
WRIT GRANTED; TRIAL COURT JUDGMENT REVERSED; EXCEPTION OF RES JUDICATA MAINTAINED; CLASS ACTION DISMISSED.
NOTES
[1] Because the issue before this court is whether the trial court judgment granting the exception of no cause of action is a final judgment, we express no opinion concerning the propriety of an exception of no cause of action as the appropriate procedural device for raising the issue under the 1997 amendments to the class action articles. La. C.C.P. art. 591 et seq.
[2] Because the definition of the class includes every person who purchased burial insurance in the State of Louisiana, a judgment overruling the exception of res judicata in the instant case could conceivably lead to 41 petitions for class action, filed in each of the 41 judicial districts in the state of Louisiana. The following sequence of events, though unlikely, would nevertheless be possible: Class action filed in 24th JDC; class action not certified. Class action filed in Orleans Parish Civil District Court, exception of res judicata overruled, class action not certified. Class action filed in another judicial district, exception of res judicata overruled, class action not certified. This sequence could be repeated over and over until the plaintiffs finally filed suit in a forum which would certify its class action. In fact, the application for supervisory writs filed by Si-Sifh indicates that one of the plaintiffs' attorneys threatened just such a course of action. Allowing such a sequence of events would not serve the purposes of judicial economy, fairness, and protection of the defendants from multiple law suits.