| WALTZER, Judge.
Plaintiffs seek review of the denial of both a partial summary judgment and an exception of res judicata.
Several separate actions followed an automobile accident. Various injured parties filed different actions against various defendants, including the State of Louisiana through the Department of Transportation and Development. After the trial and subsequent judgment in one of these actions, plaintiffs, in a separate action argued that the State was precluded from litigating liability in their suit. The trial court denied plaintiffs’ motion for partial summary judgment and exception of res judicata. We find nothing in plaintiffs’ writ application from which we may conclude that the trial court erred in this judgment.
Plaintiffs, who have no legal relationship with the parties in the prior action, argue that the 1990 amendment to LSA-R.S. 13:4231 changed the law by eliminating the need that the parties in the two actions be the same. LSA-R.S.13:4231 begins, “[ejxcept as otherwise provided by law, a valid and final judgment is conclusive between the same parties.” (Emphasis added.) Moreover, lathis court in a decision earlier this year stated “[njothing in the new law indicates that ‘identity of parties’ is no longer a requirement for a finding of res judicata.” Duffy v. Si-Sifh Corp., 98-1400, p. 8 (La.App. 4 Cir. 1/6/99); 726 So.2d 438, writ denied by 99-0372 (La.4/30/99); 741 So.2d 14, citing Morris v. Haas, 95-75 (La.App. 5 Cir. 3/30/95); 659 So.2d 804, 810, units denied by 95-2519 and 95-2545 (La.12/15/95); 664 So.2d 441. Without an identity between the parties in the first action and the parties in the second action, the law of res judicata does not apply under LSA-R.S. 13:4231.
For these reasons, we grant the application for supervisory writ. However, we deny the relief requested by relators and affirm the denial of plaintiffs’ motion for summary judgment and exception of res judicata.
WRIT GRANTED, RELIEF DENIED, JUDGMENT AFFIRMED.