I,KIRBY, Judge.
Relators, Willis Palmer and Metropolitan Hospice, Inc. (“Hospice”), seek this court’s supervisory jurisdiction to review the trial court’s denial of their exception of res judicata.
The undisputed facts of this case indicate that Hospice was incorporated in 1996. The respondent, Edward Burkhal-ter, was the initial President and Palmer was the Chairman of the Board. Burkhal-ter filed a petition for preliminary and permanent injunction against Palmer in the 24th Judicial District Court. Burkhal-ter sought to enjoin Palmer, in his capacity as Chairman of the Board of Hospice, from engaging in acts that interfered with Burk-halter’s ability to perform his duties as President.
In his petition, Burkhalter alleged that at the time Hospice was incorporated, he and Palmer agreed that each would own fifty percent (50%) of the shares of the corporation. He also alleged that they agreed that Palmer would provide the financial backing for Hospice, while Burk-halter would handle the day-to-day management of the corporation.
The trial judge in the 24th Judicial District Court rejected Burkhalter’s request for injunctive relief. The trial judge also ruled that any demands made by | ^either party in that proceeding were dismissed with prejudice. In his ruling, the trial judge stated that Burkhalter failed to meet his burden of proof to show ownership of Hospice and also found that the evidence was not sufficient to support Burkhalter’s claim of ownership. Burkhalter was discharged from his position as President of Hospice.
Burkhalter subsequently filed suit in Civil District Court for Orleans Parish against Palmer and Hospice. In that suit, Burkhalter sought damages for breach of contract. Burkhalter alleges that he and Palmer entered into a verbal contract under which Burkhalter would be entitled to one-third of the profits generated by Hospice.
Palmer and Hospice filed a peremptory exception of res judicata in which they argued that the claims and issues asserted in Burkhalter’s petition filed in Orleans Parish are barred by the doctrine of res judicata as a result of the final judgment rendered against Burkhalter in 24th Judicial District Court. The trial judge in Orleans Parish denied the exception of res judicata and this writ application followed.
*87 La. R.S. 13:4231, the res judicata statute, states as follows:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
Palmer and Hospice filed a peremptory exception of res judicata in which they argued that the claims and issues asserted in Burkhalter’s petition filed in Orleans Parish are barred by the doctrine of res judicata as a result of the final judgment rendered against Burkhalter in 24th Judicial District Court. The trial judge in Orleans Parish denied the exception of res judicata and this writ application followed.
La. R.S. 13:4231, the res judicata statute, states as follows:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment;
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of the final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action;
| g(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
We conclude that the present action by Burkhalter against Palmer is barred by res judicata as a result of the judgment of the 24th Judicial District Court. However, Burkhalter’s action against Hospice is not barred by res judicata because the requirement of identity of parties between the first action and the second action is lacking. Although the res judicata statute was substantially changed by the amendment that became effective on January 1, 1991, the new law did not eliminate the requirement of identity of parties for a finding of res judicata. See Duffy v. Si-Sifh Carp., 98-1400 (La.App. 4 Cir. 1/9/99), 726 So.2d 438, writ denied, 99-0372 (La.4/30/99), 741 So.2d 14. Because the first action between Burkhalter and Palmer did not include Hospice as a party, the doctrine of res judicata does not bar the action in Orleans Parish between Burkhal-ter and Hospice.
For these reasons, the trial court judgment denying relators’ exception of res judicata is affirmed as to defendant Hospice, but reversed as to defendant Palmer. Defendant Palmer’s exception of res judi-cata is maintained and all claims against him are dismissed. This case is remanded for further proceedings on the claims brought by Burkhalter against defendant Hospice.
WRIT GRANTED IN PART AND DENIED IN PART; CASE REMANDED.